## MABRY *v.* CITY ELECTRIC RAILWAY COMPANY.

A railroad company is liable in damages for an injury to the feelings and sensibilities of a passenger, caused by his wrongful expulsion from one of its cars, though such passenger may not have received any physical injury thereby.

Argued November 13, — Decided December 10, 1902.

Action for damages.   Before Judge Reece.   City court of Floyd county.   March 5, 1902.

*Seaborn & Barry Wright*, for plaintiff.
*Denny & Harris*, for defendant.

CANDLER, J.   Mrs. Mabry brought suit for damages against the City Electric Railway Company, a street-railroad corporation, of the city of Rome.   Her petition alleged that on a named day she boarded a car of the defendant at a point "some 200 yards from the switch where all cars on the line of the defendant company meet, . . and from which points the cars run to the several destinations of the line."   It was her intention to go to her home in North Rome.   As she boarded the car she asked the conductor if she could ride to the switch and be transferred to an outgoing car and go to her home, and the conductor replied that she could.   She then paid her fare, and when the car reached the switch she "got off of the incoming car from North Rome and boarded the outgoing car to North Rome."   Transfers of passengers were made orally by the conductors of the company, and not by written transfer tickets, and she supposed that she had been transferred, as promised by the conductor of the car that she first boarded.   After riding a short distance on the outgoing car the conductor asked for her fare.   She told him that she had paid her fare, and explained the agreement made by the conductor of the car which she had first boarded; but in spite of her protests the conductor ejected her in the presence of other passengers, and she was compelled to walk

to her home, a distance of more than a mile. She sued for $500 on account of wounded feelings and " great physical distress." The defendant demurred to the petition, the material portions of which are substantially set forth in the foregoing statement, the grounds of demurrer being, (1) that no cause of action was set out, in that no physical injury was alleged to have been sustained by the plaintiff; and (2) that no damages for pain and suffering, " or other pathological damages," can be recovered unless there is some physical injury. The court sustained this demurrer and dismissed the petition, and the plaintiff excepted.

It will be observed that the defendant does not call in question by its demurrer the sufficiency of the allegations of wrong done to the plaintiff by its servants, but asserts that no cause of action is set out in that no physical injury is alleged to have been sustained by her. So far as appears from the pleadings, the plaintiff was rightfully on the car from which she alleges that she was ejected, and, under the alleged agreement made with her by the conductor of the first car, she was entitled to ride to her home on the second car. After informing the conductor of the second car of the facts of that agreement, which, if true, entitled her to ride to her destination in pursuance of her original design, it is alleged that he, over her protests and in the presence of other passengers, ejected her from the car, compelling her to walk to her home, a distance of more than a mile. Her suit is for wounded feelings and physical distress on account of this wrongful treatment. "Wounding a man's feelings is as much actual damage as breaking his limbs. The difference is, that one is internal and the other external; one mental, the other physical." *Head* v. *R. Co.*, 79 *Ga.* 360. The defendant company owed the duty to the plaintiff to carry her safely and properly to her destination, and under this obligation she was entitled to be treated respectfully. If it intrusted this duty to servants, the law holds it responsible for the manner in which these servants executed their trust. The precise question made by the demurrer in the case at bar was before this court in the case of *Cole* v. *R. Co.*, 102 *Ga.* 474. In the present case, as in the case cited, the question presented is, does the law afford any redress for wounded feelings unaccompanied by injury to the person or purse. Both cases are clearly distinguishable from the case of *Chapman* v. *Telegraph Co.*, 88 *Ga.* 763. In the *Chapman* case there was no tort inde-

pendently of the violation of the contract, and in such cases the best decisions of the courts of last resort are to the effect that the damages recoverable are strictly compensatory, and take on the vindictive or exemplary feature only in cases where the injury is wilful, wanton, or malicious. That case proceeds upon the idea of a negligent omission to perform a contractual obligation, and the judgment might well have been placed upon the character of the suffering alleged and the remoteness of the damages arising therefrom. The case at bar, however, is based upon the wrongful commission of an òvert act, which in itself involved the feelings, sensibilities, and in a measure the reputation of the plaintiff; an act tending to degrade her in the estimation of other persons present at the time. The injury alleged is, not the failure to carry the plaintiff to her destination, but her expulsion from the car over her protestations of her right to remain thereon. We do not think, therefore, that the *Chapman* case is applicable to the case at bar. While the law protects the person of the citizen from physical injury, it also protects his feelings from laceration, and will apply money to such wounds as a salve for their healing. The court erred in sustaining the demurrer to the petition, and the judgment is therefore

*Reversed. All the Justices concurring, except Lumpkin, P. J., absent.*