BACON & COMPANY *v.* MOODY.

If a contract for the sale of goods is procured by fraudulent representations of the purchaser as to his solvency, the vendor has an election to affirm or to rescind the contract. He may sue for the price of the goods and also for damages for the fraud, these remedies being consistent and proceeding on the theory of an affirmance of the contract. If, however, he elects to rescind the contract and recapture his goods, and obtains in equity a decree adjudicating that the contract is void on account of the fraud, he can not thereafter bring an action against the vendee for damages for the fraud, such an action being founded on the procurement of the contract. The rescission of the contract on the ground of fraud is inconsistent with an action for deceit for being led into making the contract.

Argued January 23, — Decided February 11, 1903.

Action of deceit.    Before Judge Reid.    City court of Atlanta.
June 23, 1902.

*W. R. Hammond,* for plaintiffs.
*Anderson, Anderson & Thomas,* for defendants.

SIMMONS, C. J.    It appears from the record that Moody & Brewster, merchants in Atlanta, Georgia, by false and fraudulent representations induced Bacon & Company, of New York, to sell and deliver to them on credit a large quantity of goods.    Subsequently other creditors of Moody & Brewster filed an equitable petition in the nature of a creditors' bill, and obtained an injunction and the appointment of a receiver.    Bacon & Company filed an intervention, in which they set up that the goods obtained from them by the defendants were sold in consequence of false and fraudulent representations by Moody as to the solvency of the firm and of the individuals composing it; that Moody knew at the time that the representations were false, and made them in pursuance of a conspiracy with his partner to obtain large quantities of goods and to fail without paying for them; that at the time of the purchase Moody & Brewster were totally insolvent as a firm and as individuals; that some of the goods sold them by Bacon & Company had been mortgaged and others were in the hands of the receiver; that they had elected to rescind the contract of sale; and prayed that the goods identified by them might be turned over to them by the receiver.    A decree was obtained by them, declaring the contract rescinded on the ground of fraud and the intention of Moody & Brewster, at the time the goods were purchased, not to pay for them.    The goods were returned to Bacon & Company upon their paying certain costs, charges, and expenses to the receiver. After this, Bacon & Company brought their action for damages for fraud and deceit against Moody.    They set out the above facts, and sought to recover from the defendant the damages sustained by them on account of the fraud perpetrated upon them by Moody. These damages, as set out, consisted chiefly of the expenses incurred by the plaintiffs in reclaiming and recapturing their goods. To this petition the defendant filed several demurrers, the first of which was that no cause of action was set out in the petition.    The court sustained this demurrer, and the plaintiffs excepted.

After a lengthy investigation of the subject and after reading

text-books and many decisions of the courts of other States, we have come to the conclusion that the judgment of the trial judge was correct, and that the petition set out no cause of action. The law is well settled that where one by fraud and deceit induces another to sell him property, the vendor on discovering the fraud has an election either to affirm the contract or to rescind it. If he elects to affirm the contract, he has two remedies : to sue on the contract for the price of the property sold, and also to bring an action for the damages which he has sustained by reason of the fraud and deceit. These actions both proceed upon the theory of an affirmance of the contract, and are predicated thereon. They are, therefore, consistent remedies. If, however, the vendor elects to rescind the contract and reclaim the goods, and, as in this case, obtains a decree that the contract was void ab initio on account of the fraud, he can not thereafter maintain either of the first-mentioned actions. In the present case the plaintiffs obtained a decree of restitution of their goods, on the ground that there was no contract between them and Moody & Brewster. This being so, they can not maintain an action for deceit against Moody for damages for his fraud in inducing them to enter into the contract. The action for deceit is founded on the contract and proceeds in affirmance of it; and when the vendor rescinds the contract and obtains a judgment that there was no contract, there is nothing on which to base the action for deceit. The remedy by action for deceit is entirely consistent with an affirmance, and totally inconsistent with a rescission of the contract. The law on this subject is well expressed in the Encyclopædia of Pleading and Practice, vol. 7, pp. 361 — 363, as follows : " Whenever the law supplies to a party two or more methods of redress in a given case, based upon inconsistent theories, however those methods may differ, either in the form or the forum of procedure, or in the personality of the parties to the several proceedings, the party is put to his election, and his choice of either is a bar to his resort to the other. . . . The principle does not apply to all coexistent remedies. As regards what has been termed consistent remedies, the suitor may, without let or hindrance from any rule of law, use one or all in a given case. He may select and adopt one as better adapted than the others to work out his purpose, but his choice is not compulsory or final, and if not satisfied with the result of that, he may commence

and carry through the prosecution of another.   Thus, where a sale of chattels is induced by the fraud of the vendee, the vendor may prosecute the vendee for the price of the articles in one action, and in another for damages on account of the fraud, both proceeding on the theory of ratifying the sale.   But he can not maintain either if he has rescinded the sale, or if, on the theory of rescission, he has resorted to replevin to recover the property.   No suitor is allowed to invoke the aid of the courts upon contradictory principles of redress, upon one and the same line of facts.   As soon as the choice is made and one of the alternative remedies proffered by the law adopted, his act at once operates as a bar as regards the other, and the bar is final and absolute.   This result indicates and emphasizes the distinction between remedies of this character and remedies consistent, for in case of the latter the satisfaction of one is the only bar to the other."

The plaintiffs' present action is inconsistent with their election to rescind and reclaim and recapture their goods.   It therefore can not be maintained.   " The law does not allow a party to rescind a contract and at the same time make use of it as subsisting for the purpose of claiming damages."   Junkins v. Simpson, 14 Me. 364, 369.   For a discussion of the principles above announced, See Roome v. Jennings, 2 Misc. (N. Y.) 257, and cases cited; Morris v. Rexford, 18 N. Y. 552 ; Moller v. Tuska, 87 N. Y. 169 ; McCready v. Phillips, 56 Neb, 446 ; Westerfeld v. Ins. Co., 129 Cala. 68 ; Cole v. Smith, 26 Colo. 506 ; Strong v. Strong, 102 N. Y. 69 ; Tiedeman, Sales ; § 163.   The cases of Lenox v. Fuller, 39 Mich. 268, and Warren v. Cole, 15 Mich. 265, seem to hold a contrary doctrine, but, as far as we can ascertain, have never been followed, approved, or cited by any other court.

                    *Judgment affirmed.    By five Justices.*