11312, 11313.   REPUBLIC IRON & STEEL COMPANY *v.* NORRIS; and *vice versa.*

JENKINS, P. J.   1. Where one's property is taken, injured, or put in jeopardy by another's neglect of duty imposed by contract, or by his wrongful act, any necessary expenses incurred for its recovery, repair, or protection are elements of the injury. 1 Suth. Damages, 106, 140. The plaintiff in this case having alleged that the items of damage enumerated were incurred by him on account of the bad faith and fraudulent conduct of defendant, the petition set out a good cause of action. *Traders Insurance Co. v. Mann,* 118 *Ga.* 381, 384 (45 S. E. 426).

2. A tort is a legal wrong committed upon the person or property of

another independently of contract. Such a wrong may, however, arise from a violation of some private obligation, by which damages accrue to the individual; and if the breach complained of is not mere neglect of a duty expressly provided for by the terms of the contract itself, the complaining party may elect as to his remedy, and rely either upon his right under the contract or proceed for damages as for a tort. *Payne* v. *Watters,* 9 *Ga. App.* 265 (70 S. E. 1114); *Fain* v. *Wilkerson,* 22 *Ga. App.* 193 (95 S. E. 752). In the instant case, as the alleged fraudulent acts of the defendant did not arise out of a mere breach of duty expressly provided for by the contract itself, an action in tort was permissible; and such was the clear intent and purpose of the action even as originally brought.

3. While, under a statutory arbitration, the arbitrators should determine all matters in controversy pertinent to the issues submitted. (Civil Code of 1910, § 5031), including the matter of costs, and while it is true that where, under a statutory arbitration, no award of costs has been made, a subsequent action cannot be maintained therefor by the party in whose favor the issue has been adjudicated (3 Cyc. 725), still arbitrators are not permitted to exceed their authority and are limited to an adjudication of such matters as legally and properly devolve upon them for determination. Civil Code (1910), § 5022. Thus, where the arbitration is not statutory but is had under the specific terms of an agreement authorizing the determination of one single and particular matter, the arbitrators were limited to a determination of the one question thus submitted; and, not having authority to award costs or other expenses growing out of the submission, the judgment rendered by the arbitrators would not preclude a subsequent action therefor.

4. Under the rules stated above, the court did not err in overruling the demurrer as to the last item of damages sued for, but did err in sustaining the demurrer to the other items embraced in the suit. *Judgment on main bill of exceptions affirmed; on cross-bill reversed.* *Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 11, 1920.

Complaint; from Bartow superior court — Judge Tarver. December 20, 1919.

Norris & Hall sued Republic Iron & Steel Company, alleging that the defendant leased from the plaintiffs certain land for the purpose of mining manganese ore, agreeing to "mine and remove from the leased premises all of the commercial manganese and manganiferous ore that is in, on, or under said leased premises," and "to pay lessors a royalty of $1.00 per ton of 2,240 pounds for all manganese and manganiferous ore mined and removed from said premises." The lease contained a clause stating that if there should be a disagreement as to when all the said ore had been removed, the question should be sub-

mitted to arbitration. It is alleged that the said company, after having fraudulently covered up and concealed certain remaining portions of the ore, represented to the plaintiffs that all the ore had been exhausted; that the plaintiffs did not agree with this statement, and an arbitration of the question was entered into as provided by the terms of the lease, and the arbitrators made an award in favor of the plaintiffs, the finding in effect being that all the ore had not been removed. The plaintiffs seek to recover the amount of certain expenditures incident to the arbitration and alleged to have been necessary, including fees of the arbitrators, stenographer's fees, attorney's fees, and a sum expended in removing certain dirt for the purpose of uncovering, for inspection by the arbitrators, ore which it was alleged had been fraudulently concealed by the defendant. On the trial the plaintiffs, apparently without objection, amended the petition by amplifying the allegations to the effect that defendant wilfully and fraudulently blew up the mines and covered up the ore, preparatory to bringing on the arbitration. The defendant demurred on the grounds, among others, that (1) no cause of action is set out; (2) none of the arbitration expenses are recoverable, because the petition shows that the defendant was merely insisting on its legal rights in demanding arbitration; (3) the arbitrators having made no award in regard to arbitration expenses, their failure to do so amounted to an adjudication against the right to recover any such expense; and (4) it appears from the petition that before the arbitration the plaintiffs had notice of the defendant's alleged fraud in covering up the ore, and were not deceived or misled by it. The demurrer was overruled as to the sum expended in removing the dirt in order to permit the inspection of the ore by the arbitrators, but was sustained as to the other items. In the main bill of exceptions the defendant excepts to the overruling of the demurrer as to the expense of removing the dirt; and by cross-bill the plaintiffs except to the sustaining of the demurrer as to the other items.

*Maddox, McCamy & Shumate,* for Republic Iron and Steel Company.

*Neel, Finley & Neel,* contra.