### 12502.  FRIEDLANDER v. FEINBERG.

JENKINS, P. J.  The plaintiff and the defendant contracted to conduct a mercantile business pending their application for incorporation.  The defendant was to furnish the goods on consignment until payment of the purchase price, and the plaintiff was made a limited partner and manager in charge of the business, with the right to receive a stipulated weekly allowance and all profits above a certain percentage.  The petition alleges that the defendant, without the consent of the plaintiff, without legal process, and without legal cause, entered the store-house, forcibly ejected the plaintiff therefrom, and, after taking charge of the stock, locked him out of the building.  The plaintiff thereupon presented to a judge of a superior court an equitable petition for a receivership, and asked for an injunction against the defendant and an accounting "for all money taken in from the sale of goods from said business since he has had charge of same."  The suit was not filed with the clerk of the court, or formally served, but, upon a rule nisi being granted and a

temporary receiver appointed, a settlement was effected with the defendant for a cash sum, which, as the present petition alleges, "petitioner accepted for his profits in said stock of goods, over and above what he owed to said [defendant] on said goods." Thereafter the plaintiff filed the present action in tort, which is expressly limited to the recovery of general damages for injury to his reputation and standing, and for wounded feelings caused by the tortious and forcible ejection. The defendant's general demurrer set up the earlier suit as an election, bar, or estoppel of the instant suit. The court overruled the demurrer, and the defendant excepted. *Held:*

1. Where in a legal proceeding a party assumes a certain position and succeeds in maintaining it, he may not thereafter take a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. *Luther* v. *Clay*, 100 *Ga.* 236 (1), 241 (26 S. E. 46, 39 L. R. A. 95). Nor will a person be permitted, after electing one of two or more inconsistent remedies, which he might originally have pursued at his option, to change his base and adopt a course wholly inconsistent with the remedy which he first selected. *Board of Education* v. *Day*, 128 *Ga.* 156, 164 (57 S. E. 359); *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29); *Florence* v. *Newsome*, 26 *Ga. App.* 501 (106 S. E. 619); *Rowland Co.* v. *Kell Co.*, 27 *Ga. App.* 107 (107 S. E. 602). Where remedial principles are thus contradictory, " as soon as the choice is made and one of the alternative remedies proffered by the law adopted, the act at once operates as a bar as regards the other, and the bar is final and absolute." *Bacon* v. *Moody*, 117 *Ga.* 207, 210 (43 S. E. 482); *Harris* v. *Cleghorn*, 121 *Ga.* 314 (48 S. E. 959). But a party is entitled to pursue any number of consistent and concurrent remedies. See cases cited supra.

2. In a case where the subsequent alternative remedy is in fact inconsistent with the former procedure, a submission to a judge of the former petition, and the obtaining of relief thereon, by which judicial action a compromise or settlement of the claims involved in the former suit is obtained from the opposite party, will constitute such an election, estoppel, or bar as would thereafter preclude the plaintiff from prosecuting an alternative remedy, notwithstanding the first suit may not have been filed with the clerk of the court or formally served upon the defendant. But there is no such bar in this case, for the remedies are not inconsistent but merely cumulative, since only the profits and actual property damage were claimed and recovered by the former suit, whereas the subsequent suit proceeds solely ex delicto for general damages for the alleged injury to plaintiff's reputation and standing in the community and for wounded feelings. *Henson* v. *Taylor*, 108 *Ga.* 567 (4) (33 S. E. 911); *Shore* v. *Brooks*, 81 *Ga.* 468 (8 S. E. 429, 12 Am. St. R. 332); *Mabry* v. *City Electric R. Co.*, 116 *Ga.* 625 (42 S. E. 1025, 59 L. R. 590, 94 Am. St. R. 141); *Republic Iron & Steel Co.* v. *Norris*, 25 *Ga. App.* 809 (104 S. E. 921).

3. The request of plaintiff in error that this case be certified to the Supreme Court, as controlled by the cases of *Bacon* v. *Moody*, and *Harris* v. *Cleghorn*, supra, because of their alleged conflict with the case of *Henson* v. *Taylor*, supra, in order that the latter case may be reviewed and overruled by the Supreme Court, must be denied. The former cases, under their facts, are neither controlling in the instant case nor in conflict with the latter decision. In *Bacon* v. *Moody* the only ruling was that, where a vendee, by fraudulent representations,

obtained goods, the vendor had the election of affirming or rescinding the contract of sale, and in case of the former election could recover both the purchase-price and damages for the fraud; but when he elected to recapture the goods and to have the contract adjudged in equity void for the fraud, he could not, after such a rescission, sue for damages for the fraud, "such an action being founded on the procurement of the contract." In *Harris* v. *Cleghorn* the holding was that a plaintiff could not, in one and the same action, recover damages both ex contractu and ex delicto, the former for a breach of the contract of rental, and the latter for wounded feelings caused by the commission of the tort. The essential factor distinguishing the contentions of plaintiff in error, under these and other cases relied upon, from the case of *Henson* v. *Taylor* and the instant case is that in the former there was a conversion of property or a breach of contract by a tortious act, involving property damage, for which plaintiff had his election to sue either ex contractu, by ratifying, affirming, or proceeding under a sale or the contract, or to sue ex delicto, by rescinding, disaffirming, or ignoring the sale or contract, and recovering for the same property damage, by such an action in tort. In such a case the proceeding under the contract would be a waiver of the property damage under the tort; and vice versa. But in the *Henson* case and here there were no such inconsistent remedies effecting an election or estoppel, because the earlier suit proceeded for the actual property damage alone, while the later suit sought only general personal damages because of injury to reputation and feelings arising from the tortious ejection. Thus, while the former suit amounted to a waiver of any action in tort by which plaintiff's rights in the same property might be asserted, it did not amount to a waiver of the alleged separate and distinct injury to his reputation and feelings, which were in no wise involved in the previous litigation and settlement.

*Judgment affirmed.* *Stephens and Hill, JJ., concur.*

DECIDED DECEMBER 14, 1921.

Action for damages; from Colquitt superior court — Judge Thomas. April 6, 1921.

Application for certiorari was denied by the Supreme Court.

*James Humphreys, Dowling & Askew,* for plaintiff in error.

*C. A. Christian, W. A. Covington, Hill & Gibson,* contra.