14716.    GRIFFIN HOSIERY MILLS *v.* UNITED HOSIERY MILLS.

JENKINS, P. J. 1. "Where suit is brought against defendants who are only jointly liable, the plaintiff cannot dismiss as to one and proceed against the other, except in cases provided for by statute. But where suit is brought against two or more defendants alleged to be jointly liable, and the proof or the pleadings show that there is no joint liability, the plaintiff may dismiss as to those who are not proper parties to the action." *Lippincott* v. *Behre*, 122 *Ga.* 543 (1, 2) (50 S. E. 467); (Civil Code (1910), § 5688. Thus, it is not required, as a prerequisite to a recovery, that both defendants shall be shown to be liable, since, except in cases where the liability is solely joint, it is the plaintiff's privilege to voluntarily dismiss his action as to one and proceed to trial against the other (*City of Atlanta* v. *Anderson*, 90 *Ga.* 481, 16 S. E. 209), or at any time before verdict he may disclaim a right to recover against one and insist upon a verdict against the other. *Baker* v. *Thompson*, 89 *Ga.* 486 (4) (15 S. E. 644); *Western Union Telegraph Co.* v. *Griffith*, 111 *Ga.* 551, 558, 559 (36 S. E. 859). There can, however, be but one satisfaction of the same damage or injury; and if, instead of merely dismissing his suit against one of two defendants sued jointly, the plaintiff proceeds, for a consideration, to fully settle and satisfy his claim against one, he cannot by the terms of such accord and satisfaction, where the injury or damage complained of is the same, limit the release to the defendant thus dealt with, but in such a case the claim itself becomes extinguished. *Donaldson* v. *Carmichael*, 102 *Ga.* 40 (2), 42, 43 (29 S. E. 135); 1 C. J. 536 (§ 30). The record fails to disclose that the petition was demurred to on the ground of a misjoinder of actions or of parties; but assuming, as contended by the defendant, against whom the suit continued and judgment was rendered, that it was defective in this respect (in this connection see *Albany Ry. Co.* v. *Merchants Bank*, 137 *Ga.* 391, 395, 73 S. E. 637; *Southern Express Co.* v. *Pope*, 5 *Ga. App.* 689, 690, 63 S. E. 809; *Wright* v. *Southern Ry.*

*Co.*, 7 *Ga. App.* 542, 545, 67 S. E. 272; but see also Civil Code of 1910, § 5515), the entry on the petition does not indicate a mere dismissal of the action against one of the two joint defendants; but here it is disclosed that in a joint action, seeking compensation for the same injury or damage, consisting of the value of certain described goods, the dismissal entered upon the petition shows that the plaintiff had for a stated consideration settled his claim in full against one of the defendants, and the evidence shows that the amount thus accepted represented the proceeds of a sale of the goods by that defendant. In some jurisdictions it has been held that a settlement with a joint defendant who was in no way liable, either in fact or in law, does not operate to discharge the defendant actually responsible (see case note, 14 L. R. A. (N. S.) 321). But where the injury or damage complained of is the same, the mere fact that the defendants could not be joined in the same action does not authorize more than one satisfaction of the same claim (*Friedlander* v. *Feinberg*, 27 *Ga. App.* 808 (2), 110 S. E. 26); and consequently the plaintiff in this case, having settled in full as to one of the joint defendants relative to the same injury or damage, could no longer proceed against the other.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 10, 1923.

Damages ex contractu; from city court of Griffin—Judge Darsey. May 8, 1923.

The United Hosiery Mills, plaintiff in this action, bought of the Griffin Hosiery Mills a consignment of hosiery, to be shipped to the purchaser at Chattanooga, Tennessee. These goods, packed in nine separate and numbered cases, were delivered by the vendor at Griffin, Georgia, to the Southern Railway Company, which issued a bill of lading describing the shipment by weight and listing each case by its separate number. The goods were shipped "order notify," and were paid for by the plaintiff at the time of delivery. Subsequently one of the cases was missing from the shipment, and on investigation it appeared that the missing case was incorrectly addressed by the shipper to Des Moines, Iowa. It appears from the testimony for the defendant that when the lost case was located at Des Moines, Iowa, the railroad company was directed to return it to the consignee, but failed or refused to do so, and that it was sold by the railroad company at Des Moines for $50. Both the vendor and the railroad company refused payment, and a joint action was instituted against them. The record fails to disclose any demurrer setting up a misjoinder of parties or of actions. Prior to the trial the plaintiff dismissed its action against the railroad company, and made upon the original petition the following entry:

"Georgia, Spalding County. The within suit is hereby dismissed as to the Southern Railway Company, in consideration of the sum of fifty ($50.00) dollars, which is paid to the plaintiff by the Southern Railway Company, the receipt of which is hereby acknowledged. This January 9th, 1923." The Griffin Hosiery Mills thereupon made an oral motion to dismiss the petition and filed a plea on the ground that the settlement of the case against the railroad company precluded the plaintiff from proceeding against the other defendant. The motion to dismiss was overruled. The jury found a verdict for the plaintiff for the amount sued for, less the amount paid in its settlement with the railroad company. The defendant made a motion for a new trial, which was refused, and the case came to this court on exceptions to the rulings stated.

*Beck & Beck,* for plaintiff in error.  *S. B. Wallace,* contra.