## 19020. ALLEN *v.* LANDERS.

BELL, J. 1. "That since the commencement of the pending suit the same plaintiff has brought suit for the same cause of action against another defendant, is not good ground for a plea in abatement nor for compelling the plaintiff to elect which action he will pursue." *Augusta & Summerville R. Co.* v. *Dorsey*, 68 *Ga.* 228 (2). Nor will the prosecution of such second suit to a judgment in favor of the plaintiff estop him from proceeding with the first, where the judgment remains unsatisfied (Civil Code of 1910, § 5522; *Booth* v. *Huff*, 116 *Ga.* 8 (2), 42 S. E. 381, 94 Am. St. R. 98; *Garrick* v. *Tidwell*, 151 *Ga.* 294 (2), 106 S. E. 551; *McLendon* v. *Finch*, 2 *Ga. App.* 421 (3), 58 S. E. 690; *Hulsey* v. *Forrester*, 36 *Ga. App.* 729, 137 S. E. 904), although there can be but one satisfaction of the same damage or injury, and when this has been received the cause of action becomes extinguished. *Griffin Hosiery Mills* v. *United Hosiery Mills*, 31 *Ga. App.* 450 (120 S. E. 789).

2. The court erred in overruling the plaintiff's demurrer to the defendant's

special plea, and in thereafter sustaining the plea and dismissing the action. *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 7, 1929. REHEARING DENIED FEBRUARY 21, 1929.

*T. J. Lewis,* for plaintiffs. *T. Elton Drake,* for defendant.

ON MOTION FOR REHEARING.

BELL, J. In each of the actions the plaintiff alleged that the person whose negligence caused the injury was the servant and employee of the party sued. It was legally possible for such person to be the joint servant of each and both of the parties so named and designated as his master, and in such a case both or either of such masters could be held liable, the other facts so warranting, and the plaintiff could proceed against them jointly or severally, and could pursue either until he obtained a satisfaction. *Hotel Equipment Co.* v. *Liddell,* 32 *Ga. App.* 590 (2) (124 S. E. 92); *Finley* v. *Southern Ry. Co.,* 5 *Ga. App.* 722 (3) (64 S. E. 312); *Stevens* v. *Wood,* 17 *Ga. App.* 756 (2-a) (88 S. E. 413). A judgment may not be a satisfaction. Here it was superseded by a motion for a new trial, which was still pending. See *Garrick* v. *Tidwell,* supra. It is unnecessary to suppose other circumstances under which the plaintiff might have proceeded as he did, in the two suits in question. We agree with counsel for movant that the case of *Augusta & Summerville R. Co.* v. *Dorsey,* 68 *Ga.* 228 (2), is hardly identical in its facts with the case at bar, but we think it states the general rule which should determine the present inquiry. We did not overlook the decision in *Board of Education* v. *Day,* 128 *Ga.* 156 (57 S. E. 359), but were, and are still, of the opinion that the principles there enunciated are inapplicable in the solution of the question here presented.

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*