19914. EDMONDSON *v.* HANCOCK.

DECIDED NOVEMBER 12, 1929. REHEARING DENIED DECEMBER 10, 1929.

*Oliver C. Hancock, C. E. Moore,* for plaintiff.

*Bryan & Middlebrooks,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) Considering the foregoing statement of facts in connection with the quotations and citations of law hereinafter incorporated, this court reaches the following conclusions:

1. Since damages for personal injuries are given as compensation for the injuries sustained, and since John Edmondson has been compensated by the Southern Railway Company for all injuries received by him "at or near Inman Yards on or about the 8th day of May, 1926," he can not recover again for the same injuries.

2. In his suit against the Southern Railway Company, because of the relation of Dr. Hancock to said company, John Edmondson could have recovered for the same injuries for which this suit was instituted.

3. John Edmondson settled with the Southern Railway Company and gave to it a complete release, and this settlement and release relieved Dr. Hancock of all liability on account of said injuries.

4. After the settlement and release of the Southern Railway Company by John Edmondson, Dr. Hancock did not render to him any professional services.

In support of the foregoing conclusions we have the following: "Damages are given as compensation for the injury done." Civil Code (1910), § 4502. "There can be but one satisfaction of the same damage or injury; and if, instead of merely dismissing his suit against one of the two defendants sued jointly, the plaintiff proceeds, for a consideration, to fully settle and satisfy his claim against one, he can not by the terms of such accord and satisfaction, where the injury or damage complained of is the same, limit the release to the defendant thus dealt with, but in such a case the claim itself becomes extinguished. *Donaldson* v. *Carmichael,* 102 *Ga.* 40 (2) (29 S. E. 135) ; 1 C. J. 536." *Griffin Hosiery Mills* v. *United Hosiery Mills,* 31 *Ga. App.* 450 (120 S. E. 789). See also *Allen* v. *Landers,* 39 *Ga. App.* 264 (146 S. E. 794). In *Donaldson* v. *Carmichael,* 102 *Ga.* 42 (supra), Justice Little said: "Although one may be damaged by the joint act of two persons, there is but one injury, and if that is satisfied the party injured is placed

in as near his normal condition as the law can place him. There can be no double recovery of the amount of damage which one has sustained." The case of Martin v. Cunningham, 93 Wash. 517 (161 Pac. 355), was one in which the facts and pleadings were almost identical with those in the case at bar. In that case it appeared that the plaintiff had been injured in a train wreck and was attended by a physician in the employ of the railroad company. After the plaintiff released the railroad company from all liability to him arising out of the injury, he sued the physician for alleged negligent treatment. In the opinion the court said: "Conceding malpractice on respondent's part, as charged by the complaint, we think appellant is precluded from a recovery against him. The railway company was liable not only for the injury and resulting suffering of appellant, but also for the malpractice of the attending surgeon and for the expense of medical attendance. Having that liability in view, the company settled with him, paying him a substantial sum for a release from further liability. At the date of the release, the appellant had already suffered from the alleged malpractice and had employed another surgeon to remedy it, to whom he had paid $500 for the service. These were all matters that could be enforced against the railway company under its liability for damages, and the settlement was clearly made with a view to covering all these elements of damages. They were known to exist by the parties to the release, and the settlement was made with reference to them. The release, having been made in full satisfaction of all existing claims, precludes the appellant from bringing a second action for malpractice against the surgeon, occupying somewhat the position of a joint tort feasor, to recover double compensation for damage for which he has already been satisfied. It is well settled that complete satisfaction for an injury, received from one person in consideration of his release, operates to discharge all who are liable therefor, whether they be joint or several wrongdoers. Ayer v. Ashmead, 31 Conn. 447, 83 Am. Dec. 154; Allen v. Ruland, 79 Conn. 405, 65 Atl. 138, 118 Am. St. 146; Dulaney v. Buffum, 173 Mo. 1, 73 S. W. 125." In Hooyman v. Reeve, 168 Wis. 420, 170 N. W. 282, the 1st headnote is as follows: "A release, executed and delivered to the employer by an injured employee in consideration of the payment of a certain sum, acknowledging full satisfaction 'of all claims accrued or to accrue

in respect of all injuries or injurious results, direct or indirect, arising or to arise from' the accident in question, covered and included a claim for injurious results alleged to have been caused by malpractice of a physician who was employed at the time of the injury to treat said employee." In the opinion occurs the following: "The injury caused by the malpractice would not have occurred but for the original injury, and resulted because of such injury, and was a proximate result thereof. Selleck v. Janesville, 100 Wis. 157, 75 N. W. 975; Wieting v. Millston, 77 Wis. 523, 46 N. W. 879; Stover v. Bluehill, 51 Me. 439; Soshen v. England, 119 Ind. 368, 21 N. E. 977; Batton v. Public S. Corp., 75 N. J. Law, 857, 69 Atl. 164."

The 1st and 2d headnotes in Retelle v. Sullivan, 191 Wis. 576 (211 N. W. 756), are as follows: "1. Damages resulting from the improper or unskilful treatment of an injury by a physician may be recovered from the person liable for the injury. 2. A release of the person liable for the injury and his insurance carrier from all actions and demands 'of every kind and nature which I now have, claim to have, or may hereafter claim to have, against either or both,' includes damages arising from the negligent treatment of the injury by a physician." In the opinion we find the following: "An element of the damages which plaintiff might have recovered against Allison at the time of the settlement with Allison included damages resulting from the improper or unskilful treatment of the broken arm by the defendant. This is well settled in our law. Fisher v. Milwaukee, E. R. & L. Co., 173 Wis. 57 (180 N. W. 269)." See Leddy v. Barney, 139 Mass. 394 (2 N. E. 107).

In the light of what is said above, the court did not err either in overruling the demurrer to the answer, or in sustaining the special plea in bar to the plaintiff's petition, or in dismissing the petition.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*