28118.  CAPLAN *v.* CAPLAN.

Decided May 10, 1940.

*Will Ed Smith,* for plaintiff.

*Hal M. Smith, Powell, Goldstein, Frazer & Murphy,* for defendant.

Broyles, C. J.  Mrs. B. Caplan sued her son, Myer Caplan, for damages for personal injuries sustained by her in a collision of two automobiles.  In her petition she alleged that on or about December 28, 1937, she was riding as an invited guest in the defendant's car which was being operated by him, that at a point near Pooler, Georgia, due to his gross negligence, he crashed headlong into an automobile driven by W. D. Anderson which was approaching from the opposite direction, and that her injuries were the result of such negligence.  She specified several alleged acts of gross negligence by the defendant.  The defendant in his answer denied liability; and in paragraph 6 thereof set up the following affirmative defense: "Pleading further, this defendant shows that the plaintiff has received complete satisfaction of the injuries alleged to have been received by her by virtue of the accident described in the petition and the cause of action declared upon in the petition has been completely settled and satisfied.  The plaintiff was injured, if at all, in a collision between the automobile driven by the defendant . . and another automobile driven by W. D. Anderson.  She claims [claimed] that W. D. Anderson was guilty of negligence which proximately caused the injuries described in the petition.  On the . . . . . . day of July, 1938, the exact date being unknown to this defendant but well known to the plaintiff, the plaintiff received and accepted from said W. D. Anderson the sum of $750 in full settle-

ment and satisfaction of all injuries received by the plaintiff by reason of the collision between the automobile of this defendant and the automobile of said Anderson on the occasion referred to in the petition, and thereupon executed in writing a release and settlement of her claim for damages on account of said injuries. A copy of said release is hereto attached, marked Exhibit A and made a part of this answer. By virtue of the execution of said release and the receipt and acceptance of said sum of money, the cause of action declared upon by the petition has been completely extinguished, and the plaintiff has received complete satisfaction of said cause of action, and has been compensated for the injury and damage alleged to have been sustained by her, and on account of which she seeks a recovery against this defendant." Exhibit A attached to the answer shows that on the ...... day of July, 1938, Mrs. B. Caplan, her son Myer Caplan, and her husband B. Caplan, received from said W. D. Anderson the sum of $750, and that they executed under seal a signed release wherein they stated:

"We, Myer Caplan, B. Caplan, and Mrs. B. Caplan . . for the sole consideration of seven hundred and fifty dollars, to us paid by W. D. Anderson . . , the receipt whereof is hereby acknowledged, do hereby release, acquit, and forever discharge the said W. D. Anderson from all claims and demands, actions, and causes of action for, upon, or by reason of any damage, costs, loss of service, expenses and compensations which heretofore have been or which may hereafter be sustained by us, or either of us, on account of or in any way growing out of, resulting or to result from an accident that occurred on or about the 28th day of December, 1937, at or near Pooler, Georgia, approximately seventeen miles from Savannah, Georgia, . . by reason of a collision between an automobile then and there driven by said Myer Caplan, and an automobile then and there driven by said W. D. Anderson, and do hereby, for ourselves, our heirs, executors and administrators, covenant with said W. D. Anderson to indemnify and save harmless the said W. D. Anderson, his heirs, executors, and assigns, from all claims and demands for damages, costs, loss of service, expenses and compensation on account of or in any way growing out of said accident or its results, both to person and property, including all property damage to the 1937 Chevrolet de luxe 4-door sedan of the said Myer Caplan. It being further agreed and understood that the payment

of said $750 is not to be construed as an admission on the part of said W. D. Anderson of any liability whatever in consequence of said accident. Witness our hand and seal this . . . . . . day of July, 1938.

In the presence of: W. J. Wood,         Myer Caplan (Seal).
T. C. Waite, N. P.                B. Caplan (Seal).
N. P., Dodge Co., Ga. (N. P. Seal). Mrs. B. Caplan (Seal)."

The plaintiff's motion to strike paragraph 6 of the answer was overruled, and to that ruling exceptions were taken. After the introduction of evidence by both parties, a verdict in favor of the defendant was directed. A motion for a new trial was overruled, and that judgment was assigned as error. It is well settled that "damages are given as compensation for the injury done" (Code, § 105-2001). "Although one be damaged by the joint act of two persons, there is but one injury; and if that is satisfied, the party injured is placed in as near his normal condition as the law can place him. There can be no double recovery of the amount of damage which one has sustained. It would be as reasonable to ask to recover from one defendant twice the amount of the damage sustained, as it is to ask from each of two defendants payment of the full amount of such damage even when the cause of action is good against both. The plaintiff is entitled to only one satisfaction; and if the manner of releasing one involves satisfaction in whole or in part of the claim, it will enure to the discharge, pro tanto, of all who are liable." *Donaldson* v. *Carmichael*, 102 *Ga.* 40, 42 (29 S. E. 135). In *Griffin Hosiery Mills* v. *United Hosiery Mills*, 31 *Ga. App.* 450 (120 S. E. 789), this court said: "There can, however, be but one satisfaction of the same damage or injury; and if, instead of merely dismissing his suit against one of two defendants sued jointly, the plaintiff proceeds, for a consideration, to fully settle and satisfy his claim against one, he can not by the terms of such accord and satisfaction, where the injury or damage complained of is the same, limit the release to the defendant thus dealt with, but in such a case the claim itself becomes extinguished. . . In some jurisdictions it has been held that a settlement with a joint defendant who was in no way liable, either in fact or in law, does not operate to discharge the defendant actually responsible (see case note, 14 L. R. A. (N. S.) 321). But where the injury or damage complained of is the same, the mere fact that the defendants could

not be joined in the same action does not authorizé more than one satisfaction of the same claim (*Friedlander* v. *Feinberg*, 27 *Ga. App.* 808 (2), 110 S. E. 26) ; and consequently the plaintiff in this case, having settled in full as to one of the joint defendants relative to the same injury or damage, could no longer proceed against the other." See *Edmondson* v. *Hancock*, 40 *Ga. App.* 587 (151 S. E. 114) ; *Allen* v. *Landers*, 39 *Ga. App.* 264 (146 S. E. 794).

While in the instant case Myer Caplan and W. D. Anderson were not joint defendants, Anderson not having been *sued* at all, we think that the principles of the foregoing rulings are applicable to the facts of this cause; and the uncontradicted evidence showing that for a consideration of $750 (the receipt of which was acknowledged in the instrument) the plaintiff, her husband, and her son executed a solemn contract under their hands and seals wherein they released Anderson from "all claims and demands, actions, and causes of action for, upon, or by reason of any damage, costs, loss of service, expenses and compensations which heretofore have been. or which may hereafter be sustained by us, or either of us, on account of or in any way growing out of" the collision between the automobiles of Anderson and Myer Caplan on the date mentioned, her injury was satisfied by Anderson's payment of the $750, and the court did not err in refusing to strike paragraph 6 of the answer, or in directing a verdict for the defendant. The testimony of the plaintiff and her husband, that she could not read, and did not know what she was signing, and received none of the money paid by Anderson, does not affect our ruling. The undisputed evidence shows that Anderson's settlement check was made payable to the plaintiff, her son, her husband, and her lawyer, and was in-. dorsed by all four of them, and that the husband received the money. If he failed to turn over any of it to his wife, it was not the fault of Anderson; and if any fraud were used in getting her to sign the release, or in withholding any money due her, it was the fraud of her husband, and such fraud could not affect her contract with Anderson. The refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*