30374. GORMAN *v.* GRIFFIN.

DECIDED FEBRUARY 4, 1944.

*Price & Spivey*, for plaintiff.   *Williams & Smith*, for defendant.

SUTTON, P. J.   Mrs. Mildred S. Gorman filed suit against R. N. Griffin in the superior court of Emanuel County for damages alleged to have been sustained by her on account of a collision of the defendant's automobile with the automobile of her husband, in which she was riding as a guest.   The collision occurred on a public highway in Emanuel County on August 7, 1940, but the owners and occupants of both cars were then and at all times during the litigation here involved residents of the State of Alabama.   The present suit was filed on June 13, 1941, and according to the allegations of the petition, the injuries sustained by the plaintiff were serious, and were caused by the defendant's negligence in the operation of his automobile.   Judgment for $10,650 was sought.   Both parties were non-residents of Georgia, but jurisdiction was laid in the county in this State where the accident occurred.

The defendant denied liability.   He alleged that any injury sustained by the plaintiff on account of the automobile accident was due to the negligence of the plaintiff's husband, J. B. Gorman, in the operation of his automobile in which the plaintiff was riding; that on November 14, 1940, the plaintiff filed a suit for $20,000 damages against J. B. Gorman in the circuit court of Montgomery County, Alabama, in which she alleged that the injuries and damage sustained by her in the automobile accident in Emanuel

County, Georgia, were caused by the negligence, and wilful and wanton conduct of her husband, J. B. Gorman, in the operation of his automobile, a copy of that suit being attached to the plea; that on March 18, 1941, Mildred S. Gorman received and accepted from J. B. Gorman the sum of $1300 in full settlement and satisfaction of the injury and damage sustained by her in and as a result of the automobile accident here involved, and that she executed a written release and settlement of her claims, and that the cause of action declared upon in the present petition had been satisfied and extinguished. A copy of the release was attached to the plea and is as follows: "State of Alabama, Montgomery County. Whereas, Mildred S. Gorman instituted suit in the circuit court of Montgomery County, Alabama, against Julius B. Gorman on or about November 14, 1940, which is numbered 7314 on the docket of said court, claiming damages for personal injuries, medical expenses, and other damages for injuries sustained by herself and by her minor son, Reed Gordon or Reed Gorman, and including medical expenses, loss of services, and other damages in connection with the injuries sustained by her said son, Reed, all growing out of an automobile accident or collision which occurred near Swainsboro, Georgia, on or about August 7, 1940; and whereas, the defendant denied liability in said suit, but the parties have agreed upon a settlement of their differences: now, therefore, in consideration of the payment of thirteen hundred ($1300) dollars in hand received on this day, receipt of which is hereby acknowledged, I, Mildred S. Gorman, do hereby release and discharge the said Julius B. Gorman of and from any and all liability for damages claimed in said suit, and also for any claim which I have against the said Julius B. Gorman growing out of the automobile accident or collision referred to hereinabove, including any and all damages for personal injuries sustained by me and all medical expense which I have incurred in connection with said collision, and any and all other expenses which I have incurred, together with any and all claim which I have by reason of personal injuries sustained by my son Reed, and any medical expenses incurred in connection with the treatment of his injuries, and any claim which I might have as his mother for his injuries, or for loss for his services and companionship, or for any other matter or cause whatsoever, whether herein correctly described or not. I consent for the court to dismiss the suit referred

to above with the costs assessed against the defendant. It is understood that this release shall not be construed as an admission of liability. Witness my hand and seal, this March 18, 1941. Mildred S. Gorman, (seal)."

The plaintiff demurred specially to paragraphs 10 and 11 of the defendant's plea on the grounds of insufficiency, etc., and the court overruled the demurrer, after the plea was amended.

Upon the trial, in support of his plea in bar, the defendant introduced in evidence the original release signed by Mrs. Mildred S. Gorman, and a certified copy of the suit filed by her against J. B. Gorman, with the approval of the settlement signed by J. B. Gorman. The plaintiff introduced in evidence a certified copy of the decision of the Supreme Court of Alabama as reported in the case of Steenhuis v. Holland, 217 Ala. 105-108 (115 So. 2). The court sustained the plea in bar and dismissed the case. The plaintiff excepted to the overruling of the demurrer, and to the judgment sustaining the plea in bar and dismissing the case.

■ It was conceded by the parties that the suit for damages filed by the plaintiff against J. B. Gorman in the State of Alabama was based on the same automobile collision that occurred in Emanuel County, Georgia, on which the present action is based, and that all of the parties involved in the collision were then and are now residents of Alabama. It is contended by the plaintiff in error that the release-contract signed by her in settlement of her suit in Alabama against J. B. Gorman was executed in Alabama, that it is an Alabama contract and is governed by the law of Alabama and not by the law of Georgia. She contends that under the law of Alabama she had the right to settle separately with the tort-feasors, and that the release and settlement of her suit against J. B. Gorman in Alabama was not a bar to her present action against Griffin in this State. The plaintiff introduced in evidence a certified copy of a decision of the Supreme Court of Alabama in the case of Steenhuis v. Holland, supra, and relied on that decision to sustain her contention. No statute of Alabama was pleaded or proved. "Where a party relies on the law of another State as furnishing the basis for a right of recovery or defense different from what it would be under the laws of this State, or the common law, the law of the foreign State should be pleaded and proved." *Independent Order of Puritans* v. *Cadden,* 25 *Ga. App.* 27 (102 S. E. 454). It is well settled

that where no statute of a foreign State is pleaded it will be presumed that the common law prevails in that State; and the appellate courts of this State are not bound by the interpretation of the common law made by the courts of a foreign State, but will decide what is the common law. *Bolton* v. *Bluestein,* 55 *Ga. App.* 782 (191 S. E. 388); *Lay* v. *N. C. & St. L. Railway Co.,* 131 *Ga.* 345 (62 S. E. 189). It was held by our Supreme Court in *Akers* v. *Jefferson County Savings Bank,* 120 *Ga.* 1066 (2) (48 S. E. 424), that "even if the contract in question be treated as an Alabama contract, this court will adhere to its own decisions dealing with such a contract, under what it holds to be the common-law rule governing the same, it not appearing that there is any statute in Alabama in reference to the matter; and this is true even though a decision of the court of last resort in that State may have construed a similar contract differently under the rules of the common law."

The injuries and damage for which a recovery is sought in the present action were included in the suit by the plaintiff against the other tort-feasor in the suit in Alabama. The plaintiff received and accepted a money consideration in settlement of that suit, and executed a contract of settlement releasing the defendant therein from any and all claims of liability on account of the automobile accident in question. Under the facts as presented by the record in this case, the contract in question is controlled by the decisions of this court and our Supreme Court dealing with such contracts, and not by the decision of the Supreme Court of Alabama, as contended by the plaintiff in error. In the case of *Donaldson* v. *Carmichael,* 102 *Ga.* 40 (29 S. E. 135), it was ruled: "Although one be damaged by the joint act of two persons, there is but one injury; and if that is satisfied, the party injured is placed as near his normal condition as the law can place him. There can be no double recovery of the amount of damage which one has sustained. It would be as reasonable to ask to recover from one defendant twice the amount of the damage sustained, as it is to ask from each of two defendants payment of the full amount of such damage even when the cause of action is good against both. The plaintiff is entitled to only one satisfaction; and if the manner of releasing one involves satisfaction in whole or in part of the claim, it will enure to the discharge, pro tanto, of all who are liable (98 N. Y. 412; 44 Barb. (N. Y.) 347; 50 Wis. 138); and if a party injured

accept satisfaction from one of several joint tort-feasors, that is a bar as to all." The same principle was ruled in *Griffin Hosiery Mills* v. *United Hosiery Mills, 31 Ga. App.* 450 (120 S. E. 789). See also, *Edmondson* v. *Hancock, 40 Ga. App.* 587 (151 S. E. 114), and *Allen* v. *Landers, 39 Ga. App.* 264 (146 S. E. 794).

The case of *Caplan* v. *Caplan, 62 Ga. App.* 577 (9 S. E. 2d, 96), is in point and controls the question for determination in the present case. There Mrs. Caplan sued her son, Myer Caplan, for damages for personal injuries sustained by her in a collision of two automobiles. Before bringing suit, Mrs. Caplan had settled with W. D. Anderson, the driver of the other automobile, without suit, and had executed a contract of settlement releasing him from all liability on account of the automobile collision. The release-contract signed by Mrs. Caplan was substantially the same as the one here involved, and was set up by Myer Caplan as a defense to the suit against him. The court held that the plaintiff was precluded by her settlement with Anderson, and therefore was not entitled to recover against Caplan.

Under the facts of this case and the law applicable thereto, the court did not err in sustaining the plea in bar, and dismissing the plaintiff's action. The exception to the ruling on the demurrer is without merit.

*Judgment affirmed. Felton and Parker, JJ., concur.*