36096. DIXON *v.* ROSS *et al.*

Decided July 12, 1956.

188

*H. Cliff Hatcher,* for plaintiff in error.

*Fulcher, Fulcher & Hagler, John F. Hardin, William C. Reed,* contra.

FELTON, C. J. The defendant in error contends that the recovery under the Federal Employers' Liability Act for the death of the husband and father bars the present action. The contention is meritorious.

The decedent was survived by his widow and two minor children. The F. E. L. A. (45 U. S. C. A., Sec. 51) gave the right of action against the railroad to the personal representative of the decedent for the benefit of the widow and children. The Georgia statute vests the right of action in the case of wrongful death of a husband and father in the widow (Code § 105-1302) to be held by her subject to the law of descents, as if it were personal property descending to the widow and children from the deceased. Code § 105-1304. So, under the facts of this case, the right of action which would have accrued under the State statute would have been for the benefit of the same persons as benefited from the action under the Federal statute.

The amount of recovery under the F. E. L. A. is so nearly equivalent to that recoverable under Georgia law and is so substantially based on the same principal factor, to wit, earning capacity, that recovery under both laws would amount to a double recovery for the same wrong, despite the fact that under State law the recovery could theoretically be larger than the recovery under the F. E. L. A. Compare 45 U. S. C. A., Sec. 51, Notes 1553-1557, pp. 842-847; *Central of Ga. Ry. Co.* v. *Goens,* 30 *Ga. App.* 770 (7) (119 S. E. 669) with Code § 105-1308 catchwords "Measure of damages."

There can be only one recovery for damage by joint tortfeasors, (*Donaldson* v. *Carmichael,* 102 *Ga.* 40, 42, 29 S. E. 135), and this applies even though the joint tortfeasors could not be joined in the same action under the Federal statute. *Griffin Hosiery*

*Mills* v. *United Hosiery Mills*, 31 *Ga. App.* 450 (120 S. E. 789); *Friedlander* v. *Feinberg*, 27 *Ga. App.* 808 (2) (110 S. E. 26). As was stated in *Southern Ry. Co.* v. *Allen*, 88 *Ga. App.* 435 (77 S. E. 2d 277) it would be monstrous to allow a recovery for a wrongful death under the State statute from one joint tortfeasor when there has been a recovery for the same death under the Federal statute from the other joint tortfeasor. The plaintiff had the option of suing the railroad by itself under the Federal statute or of suing either or both the railroad and the trucking company under the State statute (*Southern Ry. Co.* v. *Allen*, supra), and since she has exercised that option by suing the railroad and recovering under the Federal statute, she cannot now sue the trucking company under the State law.

The court did not err in sustaining the general demurrer to the amended petition and in dismissing the action.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle and Nichols, JJ., concur. Quillian, J., dissents.*

QUILLIAN, J., dissenting. I dissent from the majority opinion. The Georgia courts have never held, except for the obiter expression contained in *Southern Ry. Co.* v. *Allen*, 88 *Ga. App.* 435, referred to in the majority opinion, that a separate right of action arises out of a single wrong jointly committed by joint tortfeasors, and the prosecution and satisfaction of one of such rights debars recovery of the other.

Of course where the misconduct or negligence of several tortfeasors combines to proximately cause damage to another for which under the law the injured party has a single right of action, the satisfaction of such right extinguishes it altogether, inures to the benefit of all parties liable, and debars a further recovery on that cause of action.

The obiter holding in the case of *Southern Ry. Co.* v. *Allen*, supra, is opposed to the statute law of the State as expressed in Code § 3-114 and is, in my opinion contrary to the previous pronouncements of this court and the Supreme Court. The cases cited in the majority opinion do not support the holding that a recovery by the deceased's administratrix under the Federal Employers' Liability Act (U. S. C. A., Vol. 45, § 51) of such amount as would reasonably compensate for the pecuniary loss they sustained by reason of the deceased's death, and the satisfaction of

such recovery debars the widow of the deceased from recovering for her benefit and that of the deceased's children the full present cash value of his life under Code § 105-1304.

*Donaldson* v. *Carmichael,* 102 *Ga.* 40, 42 (29 S. E. 135), does not support the theory upon which the majority opinion is based. The holding there is simply that if there is a full satisfaction of a right of action, it is extinguished and cannot be further enforced by the plaintiff against one participating in the tort giving rise to that cause of action.

In *Griffin Hosiery Mills* v. *United Hosiery Mills,* 31 *Ga. App.* 450 (1) (120 S. E. 789), cited in the majority opinion, is simply enunciated the familiar principle that there can be "but one satisfaction of the same damage or injury." This is certainly not authority for the proposition that the satisfaction of one right authorizes the satisfaction of an entirely different right arising out of the same transaction.

*Friedlander* v. *Feinberg,* 27 *Ga. App.* 808 (2) (110 S. E. 26), also cited in the majority opinion, elucidates the principle that the satisfaction of one right enforced by the injured party does not debar him from prosecuting other consistent remedies until he obtains the full satisfaction to which he is justly entitled under the law. The headnote referred to reads: "In a case where the subsequent alternative remedy is in fact inconsistent with the former procedure, a submission to a judge of the former petition, and the obtaining of relief thereon, by which judicial action a compromise or settlement of the claims involved in the former suit is obtained from the opposite party, will constitute such an election, estoppel, or bar as would thereafter preclude the plaintiff from prosecuting an alternative remedy, notwithstanding the first suit may not have been filed with the clerk of the court or formally served upon the defendant. But there is no such bar in this case, for the remedies are not inconsistent but merely cumulative, since only the profits and actual property damage were claimed and recovered by the former suit, whereas the subsequent suit proceeds solely ex delicto for general damages for the alleged injury to plaintiff's reputation and standing in the community and for wounded feelings. *Henson* v. *Taylor,* 108 *Ga.* 567 (4) (33 S. E. 911) ; *Shore* v. *Brooks,* 81 *Ga.* 468 (8 S. E. 429, 12 Am. St. R. 332) ; *Mabry* v. *City Electric R. Co.,* 116 *Ga.* 625 (42 S. E.

1025, 59 L. R. 590, 94 Am. St. R. 141); *Republic Iron & Steel Co.* v. *Norris,* 25 *Ga. App.* 809 (104 S. E. 921)."

Further reviewing the *Donaldson* case, supra, and the many Georgia cases that have followed it, the rule seems well settled that a partial payment by a joint tortfeasor of the amount to which the plaintiff is entitled only reduces the claim against another participating in the commission of the wrongful act pro tanto. If the settlement is in full, the entire right of the plaintiff is extinguished. *Griffin Hosiery Mills* v. *United Hosiery Mills,* supra; *Allen* v. *Landers,* 39 *Ga. App.* 264 (146 S. E. 794); *Edmondson* v. *Hancock,* 40 *Ga. App.* 587 (151 S. E. 114); *Caplan* v. *Caplan,* 62 *Ga. App.* 577 (9 S. E. 2d 96); *Gorman* v. *Griffin,* 70 *Ga. App.* 585 (4) (28 S. E. 2d 897).