Romeo L. JANELLE, et al.,
Plaintiffs-Appellants,

v.

SEABOARD COAST LINE RAILROAD
COMPANY et al.,
Defendants-Appellees.

No. 75–3174
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 24, 1975.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Samuel F. Maguire, Augusta, Ga., for plaintiffs-appellants.

N. William Pettys, Jr., John I. Harper, Augusta, Ga., for defendants-appellees.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

The decedent, Mrs. Tena P. Janelle, was a clerical employee of the Georgia Railroad in its Augusta, Georgia offices. Mrs. Janelle was struck and killed at 8:00 a. m. November 12, 1973, by a Georgia Railroad switch engine as she walked across a grade crossing to report for work at the railroad's offices. Following the accident, Mrs. Janelle's husband, Romeo Janelle, sued as Executor of her estate to recover damages from the railroads for her death allegedly caused by the negligent operation of the switch engine, in a suit under the Federal Employers' Liability Act, Title 45, U.S.C. § 51 et seq.[1] A jury trial ensued in the United States District Court for the Southern District of Georgia. In response to a special verdict form, the jury fixed Mrs. Janelle's negligence in causing her own death at 100% and thus found for the defendant railroad companies.

This action was later brought by the husband and adult children of the deceased in the Superior Court of Richmond County, Georgia, charging the same defendant railroad companies with the wrongful death of Mrs. Janelle pursuant to Georgia's Death by Wrongful Death Statute.[2] Appellees removed the case to the federal district court pursuant to Title 28, U.S.C. § 1441. The district court dismissed the action under a

---

1. The FELA provides in part:

 Every common carrier by railroad while engaging in commerce [interstate] . . . shall be liable in damages to any person suffering injury . . . or, in case of the death of such employee, to his or her *personal representative*, for the benefit of the surviving widow or husband and children of such employee . . . for such injury or death resulting in whole or in part from . . . negligence . . . (Emphasis supplied). 45 U.S.C. § 51. The prior suit was, in accordance with the statute, brought

 by Mr. Janelle, as Executor, the personal representative of the decedent.

2. Georgia Code Ann. § 105–1306 which provides in pertinent part:

 "The husband and/or child or children, . . . may recover for the homicide of the wife or mother, and those surviving at the time the action is brought shall sue jointly and not separately, with the right to recover the full value of the life of the decedent, as shown by the evidence, . . .."

theory of *res judicata*, or estoppel by judgment. This appeal timely followed.

 Georgia law controls this action as to what constitutes *res judicata*. *Erie v. Tompkins*, 1937, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Under the Georgia Code[3] and decisional law, in order for a prior judgment to operate as *res judicata* to any subsequent action, the causes of action must be the same and the party against whom *res judicata* is invoked must be the same or one in privity with a party to the prior case. *Darling Stores v. Beautus*, 1945, 199 Ga. 215, 33 S.E.2d 701; *Commercial Credit Corp. v. Citizens Bank*, 1942, 68 Ga.App. 393, 23 S.E.2d 198. Ordinarily, a prior FELA action will operate as *res judicata* to a subsequent suit for wrongful death because "the right of action which would have accrued under the State statute would have been for the benefit of the same persons as benefited from the action under the Federal statute". *Dixon v. Ross*, 1956, 94 Ga.App. 187, 94 S.E.2d 86. But two of the appellants in this case contend that they, the adult children of the decedent, were not represented in the prior suit, brought by the personal representative of the estate of their mother, since they could not have shared in the proceeds of any judgment rendered, because recovery under the FELA is limited to the spouse and minor children of the decedent dependent upon the deceased for their livelihood.[4] *Gulf C. & S. F. Ry. Co. v. McGinnis*, 1913, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785. Recovery could not, under appellants' theory, be had even indirectly by the adult children through the estate of their mother. *Stark v. Chicago, North Shore & Milwaukee Ry. Co.*, 7 Cir. 1957, 203 F.2d 786. The district court failed to address this distinction made by the appellee, so that we are unable to discern with certainty from the record whether the children were or were not in a class entitled to recover in the FELA action.

 We pretermit this question, however, and affirm because of the exclusivity of the remedy under the FELA. It has been settled law for over sixty years that damages for the death or injury of a railroad employee engaged in interstate commerce, allegedly caused by the negligence of the railroad, are recoverable exclusively from the railroad under FELA, and may not be recovered under state law. *Mondou v. New York, New Haven, and Hartford Railroad Co.* (Second Employers' Liability cases), 1912, 233 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327; *Louisiana & Arkansas Ry. Co. v. Pratt*, 5 Cir. 1944, 142 F.2d 847; *Jess v. Great Northern Railway Company*, 9 Cir. 1968, 401 F.2d 535; *Anderson v. Burlington Northern, Inc.*, 10 Cir. 1972, 469 F.2d 288. The state courts of Georgia recognize this principle. *Landrum v. Western & Atlantic Railroad Companies*, 1916, 146 Ga. 88, 90 S.E. 710; *Louisville & Nashville Railroad Co. v. Lunsford*, 1960, 216 Ga. 289, 116 S.E.2d 232.

It is unnecessary therefore to prolong this litigation by a remand requiring the district court to ascertain whether or not the adult children were dependents of the deceased, which would be determinative of their privity *vel non* with the estate in the prior suit and thus settle the *res judicata* issue.

Apparently no defense was raised in the prior suit asserting that Mrs. Janelle was not a railroad employee, and a member of the class protected under FELA.[5]

---

3. See Ga.Code Ann. § 110–501, Conclusiveness of Judgments, which directs that: A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.

4. Without dispute *res judicata* principles bar any further action by Romeo Janelle, the husband of the deceased. He would have shared in any recovery under the prior FELA suit brought by him as personal representative of his wife's estate, and he is in privity with that estate.

5. However the answer to the FELA suit contained general denials of jurisdiction under the

No such contention is made by the complaint in the present suit. We hold recovery under FELA to have been the sole remedy available to recover damages for her wrongful death. We therefore affirm the district court's dismissal of this action, without deciding whether or to what extent this action may also be barred by *res judicata*, collateral estoppel or estoppel by judgment.

Affirmed.

---

statute, as well as of diversity jurisdiction. It is also perhaps noteworthy that the complaint in the instant suit, while asserting generally a claim for loss of wages, omits any mention of Mrs. Janelle's employer.