Joseph HARRIS, Plaintiff-Appellee,

v.

The CHESAPEAKE AND OHIO RAIL-
WAY COMPANY, Defendant-
Appellant.

No. 15293.

United States Court of Appeals
Seventh Circuit.

March 7, 1966.

Russel J. Wildman, Peru, Ind., for appellant.

Lawrence S. Levy, Cleveland, Ohio, James R. Martin, Kokomo, Ind., Cook, Bayliff, Mahoney & Martin, Kokomo, Ind., and Fuerst, Fisher & Levy, Cleveland, Ohio, of counsel, for appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

Joseph Harris, the plaintiff-appellee, brought this Federal Employer's Liability Act action against The Chesapeake and Ohio Railway Company, defendant-appellant, seeking to recover damages for personal injuries sustained while in the defendant's employ and allegedly caused by negligence of the defendant. The cause was tried to a jury which returned a verdict for the plaintiff in the amount of $33,250. Judgment was entered upon the verdict and defendant appealed.

The defendant's contentions, upon which it predicates the existence of error requiring reversal, are, in substance, that the record contains no evidence from which the jury could have found the defendant guilty of any negligence which was a proximate cause of the occurrence resulting in plaintiff's injury—that defendant could not have reasonably foreseen that such injury would occur. It is further asserted that the District Court erred in refusing instructions tendered by defendant which would have taken certain negligence issues from the jury, and erred in excluding from evidence a pre-trial statement given by plaintiff's occurrence witness, Richardson, whose deposition was read at the trial.

The Federal Employers' Liability Act, 45 U.S.C.A. § 51, imposes liability for injury which results "in whole or in part" from the railroad's negligence. Although any number of causes may contribute to an injury, so long as one may be attributable to the railroad's negligence, a proper foundation for liability exists. Under the statute the test of a jury case is simply whether the proofs justify within reason a conclusion that employer negligence played any part, even the slightest, in producing the injury for which damages are sought. Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493. The evidence need only be "enough to justify a jury's determination that employer negligence had played *any* role in producing the harm". Gallick v. Baltimore & Ohio Railroad Co., 372 U.S. 108, 116, 83 S.Ct. 659, 664, 9 L.Ed.2d 618.

The standard which governs the review of jury verdicts, left undisturbed by the trial court, in F.E.L.A. cases was the subject of recent consideration by this Court in Barrett v. Toledo, Peoria & Western Railroad Company, 7 Cir., 334 F.2d 803, 804. Senior Circuit Judge Major there took the occasion to point out:

"The Supreme Court has consistently held that the issue of negligence must be resolved by the jury. As stated in *Wilkerson* [Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497], supra, 'But the issue of negligence is one for juries to determine according to their finding of whether an employer's conduct measures up to what a reasonable and prudent person would have done under the same circumstances.' In Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L. Ed.2d 493, the Court reversed the Supreme Court of Missouri which had held that the railroad was entitled to a directed verdict. In doing so, the Court stated (page 510, of 352 U.S. page 450 of 77 S.Ct.), 'The decisions of this Court after the 1939 amendments teach that the Congress vested the power of decision

in these actions exclusively in the jury in all but the infrequent cases * * *,' and cited in a footnote eighteen cases in which it had been held, contrary to a holding by a lower court, that negligence was a question for the jury. In the same footnote three cases were cited in which it had affirmed a holding below that no jury question was presented.

The *Rogers* opinion was announced February 25, 1957, and a cursory examination of the Supreme Court opinions since that time reveals that it in not fewer than twenty-two cases has held under a great variety of circumstances that the issue of negligence was for the jury and not the Court. In all of these cases, of course, its holding was contrary to that of a lower Federal Court or a State Court.

The sole exception is Inman v. Baltimore & Ohio Railroad Co., 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198. In that case, the Ohio Court of Appeals held that the railroad was entitled to a directed verdict. The Supreme Court affirmed. It is not discernible to us how the decision could have been otherwise where, as shown, a crossing watchman sustained personal injuries when struck by an automobile driven by a drunken driver who bore no relationship to or had any connection with the railroad. Even so, there was a dissenting opinion by four members of the Supreme Court which stated (page 144 of 361 U.S. page 246 of 80 S.Ct.), 'But whether a particular hazard is of sufficient weight and moment to induce a reasonable person to guard against it and whether that danger could be removed or diminished by safety measures reasonably available are matters for the jury to determine.' "

The application of these governing principles to the instant appeal requires

but a brief outline of the evidence as to the circumstances under which plaintiff sustained his injury. The record discloses that on June 1, 1960, the plaintiff, as an employee of the defendant, was engaged in making an excavation under a track in defendant's Newport News, Virginia, terminal yards in order that timbers might be inserted under the track to form the foundation for a walkway to be built for use in connection with a construction project. Plaintiff was using a pick to loosen the earth, and a fellowworker, Richardson, was doing the shoveling. The track at which they were working was the outside track about twenty-five feet from the edge of the railroad right-of-way. The area to the other side of the tracks, about five-hundred feet across, was an end of the yards which was littered with "junk" such as old angle irons, tie plates, spikes, bottles and cans. Plaintiff was picking into what he described as reasonably soft and level ground, the surface of which came up to about one inch from the top of the rails. No railroad ties were visible as they were all buried under the earth. While plaintiff was using his pick at a place next to the outer rail, between the ties, it became "hung" and when he pulled on the pick it did not give and he felt something pull loose in his back, following which he experienced pain and became nauseated. Plaintiff was removed from the site in an ambulance and hospitalized.[1] He had first tested the pick upon inserting it and it did not appear to be stuck. At the place where he had been picking there was found, buried some seven or eight inches beneath the surface, a section of old, rusty, woven-wire fencing. It was flattened out, about two-foot square, and weighed about twenty pounds. It was not visible until uncovered after the incident of plaintiff's injury.

There is evidence that a condition described as "pumping track" can result where the road-bed ballast becomes fouled and drainage is not adequate. The

---

1. Neither the nature nor the extent of plaintiff's injury, or the amount of the damages awarded therefor, are contested on appeal.

motion of the trains over the track causes the sub-grade dirt or soil to work up through the ballast and become deposited on top of the ballast. Such action could have been the cause of the dirt being present to within about an inch of the top of the rails at the site involved, burying the ties and covering whatever might have lain adjacent thereto.

The record thus supports an inference by the jury that the defendant was negligent in permitting what appeared to be a discarded remnant of woven-wire right-of-way fencing to remain in its yards at a site where it could become buried in the earth and create a hazard to its employees working with a pick, and that the plaintiff's pick became "hung" thereon. The degree of negligence involved is perhaps slight, the foresight required of the employer in order for it to guard against such an event being but barely within the limits which the exercise of reasonableness and prudence could dictate, but the decisions require no more. We are of the opinion that the record supports the findings implicit in the jury's verdict.

Plaintiff's complaint charged the defendant with negligence in failing to furnish plaintiff a reasonably safe place in which to work, in causing its right-of-way and property to be and remain in a dangerous condition, and in failing to warn or apprise plaintiff of the presence of the buried fencing. For the reasons above stated, the trial court did not err in refusing the defendant's tendered instructions which would have had the effect of removing these issues from the jury's consideration on the ground that there is no evidence to support a finding of negligence with respect to any of these charges. On the facts and circumstances disclosed by the record these issues presented questions for the jury.

Defendant complains of an additional ruling refusing its tendered instruction that there was no evidence from which the jury could have found the defendant negligent in requiring the plaintiff to perform heavy work when the defendant knew or should have known of plaintiff's condition due to a previous back injury. The complaint did contain an allegation charging negligence in defendant's "requiring and permitting plaintiff to perform heavy work when the defendant knew or should have known that the plaintiff was then physically unable to perform". But no evidence was submitted on this issue, and the trial court in summarizing the pleadings for the jury made no mention of it. There is nothing in the record to indicate that such an issue came to the attention of the jury. Under the circumstances, the tendered instruction would have instructed the jury to find for the defendant on an issue not before the jury in any manner or form. Such an instruction is obviously improper. And, it did not become proper, as the defendant urges, because the court instructed on the criteria governing permissible recovery where a condition resulting from a previous injury is found to have existed. Such instruction related to the scope of damages recoverable not to an issue involving the existence of negligence as a basis for liability.

We have considered the defendant's remaining contention, which involves the exclusion of the pre-trial statement given by Richardson, the plaintiff's occurrence witness, and conclude that the trial court's ruling, in any event, does not constitute error requiring reversal. Assuming, for the purpose of this case, that the defendant laid a proper foundation for its admission, we are convinced from an examination of the statement given by Richardson and of his subsequent deposition testimony that no inconsistencies exist between the two which could have afforded any possible basis for a conclusion impeaching or discrediting the witness. The ruling excluding the statement from admission as evidence could have resulted in no prejudice to the defendant.

The judgment order of the District Court is affirmed.

Affirmed.