G. R. ROBERTS AND BERTIE O. ROBERTS, RESPONDENTS, v. ATLAS LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.—163 S. W. (2d) 369.

Kansas City Court of Appeals.　May 25, 1942.

1164

*Warrick, Koontz & Hazard* for appellant.

*Mitchel J. Henderson, Thos. E. Deacy, J. Carrol Combs, Herbert Jacob,* and *Henderson, Deacy, Henderson & Swofford* for respondents.

SHAIN, P. J.—In this action the parents of a minor daughter seek damages for death of said daughter, alleging as their cause of action the negligence of defendant's agent and employee as the cause of a

collision between an automobile in which their said daughter was riding and an automobile being driven by defendant's agent.

It appears that at the time of aforesaid collision said daughter was a passenger in an automobile owned and driven by one L. L. Pahlow. As to L. L. Pahlow, no mention is made other than that "Daisy May Roberts was riding as a passenger in an automobile being driven by one L. L. Pahlow, . . ."

In other words, no allegation in plaintiffs' petition alleges or indicates that Pahlow was a joint *tort-feasor*. Only negligence on part of defendant's agent is alleged and the injury causing death is alleged as the direct result of said agent's negligence. Negligence alleged is "high, careless, unlawful and negligent rate of speed, failure to keep lookout and keep car in control, failure to keep as near as possible to right side of highway and negligently driving defendant's car into and against the automobile in which plaintiffs' minor daughter was a passenger.

The last three paragraphs of plaintiffs' petition are as follows:

"Plaintiffs further state that as a direct result of all the above and foregoing careless and negligent acts on the part of the defendants herein, their agents, servants and employees, defendants' said automobile was caused to run into, against and collide with the automobile in which plaintiffs' said daughter, Daisy Roberts, was riding, and that as a direct result thereof, the said Daisy Roberts was so seriously and mortally injured that she immediately thereafter died.

"Plaintiffs further state that as a direct result of the death of their said daughter they have been deprived of her services and have suffered a pecuniary loss and damages in the sum of Three Thousand ($3000), together with the costs of this action.

"Wherefore, plaintiffs pray judgment against the defendants herein for the sum of Three Thousand ($3000) Dollars, together with the costs of this action."

Defendant joined issue by general denial and "for further answer, said defendant states that the plaintiffs have heretofore received settlement and satisfaction for the pecuniary loss sustained by them on account of the matters alleged in plaintiffs' petition, having heretofore received from L. L. Pahlow, or his representatives, the sum of two thousand ($2000) for that purpose.

"Wherefore, having fully answered, said defendant prays to be discharged with its cost."

The cause was tried on the theory of reply by general denial of allegations of answers. Under such theory, the plaintiffs stand as denying receipt of $2000 by reason of satisfaction or otherwise. However, in the trial it was admitted that plaintiffs, by way of settlement with Pahlow, had received $2000 and signed a release, reserving however right to sue defendant herein. Aforesaid settlement was prior to bringing this action.

Trial was to jury; jury verdict was for plaintiffs in full sum prayed for; judgment was in accordance; and from said judgment defendant has appealed.

We will continue to designate parties as plaintiffs and defendant.

This cause was argued and submitted in March Term, 1941, and an opinion filed; thereafter motion for rehearing was granted and upon resubmission, supplemental briefs were filed.

The appealing defendant presents five points upon which it claims error as follows:

"I.

"Plaintiffs limited their claim for all damages suffered by setting the amount at $3000 in the *ad damnum* clause of their petition and by failing to set up in their reply to the defendant's answer that the receipt of $2000 theretofore paid by another party was in addition to the said damages of $3000.

"II.

"The payment to the plaintiffs of $2000 prior to the trial before the lower court was made by a joint or concurrent tort-feasor.

"III.

"Reversible error was committed in giving instruction No. 1 on the ground that it is not supported by the evidence and was not the proximate cause of the collision.

"IV.

"Instruction No. 1 gave the jury a roving commission in that it permitted recovery on account of negligence at widely divergent points referred to in the evidence.

"V.

"The holding that a submissible case was made by plaintiffs on the theory that the position of the defendant's car may have caused the Pahlow car to go into a skid at the distance shown in the evidence was error."

We conclude that continuity of review will be best accomplished by first disposing of defendant's points three and four, and thereafter grouping for consideration points one, two, and five. We take the above course for the reason that defendant in its assignment of errors as to plaintiffs' Instruction No. 1, assigns as its reasons practically every ground upon which it presents under its points and authorities.

Defendants as to alleged error in Instruction No. 1 assigns reasons as follows:

"(A) The evidence does not support a submission to the jury of the question whether 'at or near said point' the driver of defendant's car 'carelessly and negligently failed to drive and operate said automobile as close to the right hand side of the highway as practicable, and that as a result of such negligence, if any, defendant's automobile

was caused to collide with the automobile in which Daisy Roberts was riding,' because under the evidence the position of the defendant's automobile with reference to the right hand side of the highway could not have been the proximate cause of said collision, nor could the collision have been avoided by the defendant's car being closer to the right hand side.

''(B) Said portion of said instruction was so indefinite in view of the evidence offered by the plaintiff as to permit the jury to find for the plaintiff if it believed that the left wheels of defendant's automobile were across the center line when the cars were a quarter of a mile apart, or, when the cars were 650 to 750 feet apart, or when the cars were 400 feet apart and Pahlow's car went off the highway, or at the actual point of the impact, thus giving the jury a roving commission and permitting the jury to find for the plaintiff if the jurors variously believed that defendant's automobile was not as close to the right hand side of the highway as practicable at the place of impact or when said cars were 400 feet, 650 feet, 750 feet or a quarter of a mile apart.''

Instruction No. 1, is as follows:

''The Court instructs the jury that if you find and believe from the evidence that on or about the 18th day of December, 1936, Daisy Roberts was the daughter of the plaintiffs, and that on said date the said Daisy Roberts was 17 years of age, was single and unmarried, and died on said date without child or issue, and that if you further find and believe from the evidence that on said date the said Daisy Roberts was riding as a guest in a certain automobile being driven by L. L. Pahlow in a northerly direction along and upon United States Highway No. 71, at a point about two and one-half miles north of the town of Archie in Cass County, Missouri, and if you further find and believe from the evidence that at or near said point an automobile owned by the defendant Atlas Life Insurance Company was then and there being driven and operated in a southerly direction on said highway by an agent or employee of said Atlas Life Insurance Company, acting within the scope of his employment, if you so find, and if you further find and believe from the evidence that defendant's agent and employee, if you so find, carelessly and negligently drove and operated said automobile at a high and dangerous rate of speed, under the facts and circumstances then and there existing, or that defendant's agent and employee, if you so find, carelessly and negligently failed to drive and operate said automobile as close to the right hand side of said highway as practicable, and that as a direct result of such negligence, if any, defendant's automobile was caused to collide with the automobile in which the said Daisy Roberts was riding, if you so find, and if you further find that she was in the exercise of ordinary care for her own safety, and if you further find that as a result of said collision, if you so find, the said Daisy Roberts

was injured and died as a result of such injuries, if you find she was injured, and that the plaintiffs herein were damaged by reason thereof, then your verdict must be for the plaintiffs, and against the defendant.''

From an examination of defendant's brief, we conclude that it concedes plaintiffs' evidence made a submissible case of negligence on the ground of the high and dangerous *rate of speed*, but levels its criticism at Instruction No. 1 because it submits in the disjunctive the negligent failure of the defendant's driver ''to drive and operate said automobile as close to the right hand side of said highway as practicable.'' This for the reasons, as defendant asserts, (a) plaintiffs' evidence, viewed most favorable to the plaintiffs, showed that the failure to drive defendant's car ''as close to the right hand side of said highway as practicable'' was not and could not have been the proximate cause of the collision; and (b) that such portion of the instruction gave the jury a roving commission to find negligence from several combinations of facts.

From plaintiffs' evidence it must be concluded that at the time of actual collision, the Pahlow car was diagonally across the highway with more of it extending to the west, or its left side of the pavement, because it was struck at the ''right rear.'' It is also to be assumed, from plaintiffs' evidence, that defendant's car ''did not change its course'' at any time after it came into view about 650 feet away; that it continued up the highway with its left wheels on its left, or wrong, side of the center line of the road.

To support the giving of Instruction No. 1, the plaintiffs assert their position as follows:

''It cannot be doubted that the proximate cause of the collision was the fact that Mr. Pahlow, under all of the existing conditions was forced to take the side of the road and go into a skid in a reasonable attempt to avoid a collision which seemed definite and certain, in view of the position of defendant's car, the condition of the road and the obliviousness of the driver, even after warning.''

Defendant contends, first, that the evidence did not authorize the submission of the issue of the position of its car on the road as a proximate cause of the accident, and argues that after the Pahlow car began to skid, then it made no difference whether defendant's car was completely on its side of the road, or in the center thereof, the collision would have occurred anyway. But defendant overlooks the question of whether it was its negligence in driving in the center of the road which was the proximate cause of the Pahlow car skidding into the path of its car and thereby causing the collision. The statutory requirement that cars be driven as close to the right hand side of the highway as practicable cannot be confined and limited to the point of actual collision. The concrete, or traveled portion of the road, was twenty feet wide and covered with some snow and slush. This does

not leave much room for, maneuvering of automobiles in rapid motion with safety. The evidence shows that when the driver of the Pahlow car saw defendant's car partly on the wrong side of the road, the horn was sounded, but there was no change in the course of the oncoming car; and then it was that the driver of the Pahlow car sought a place of safety, and in doing so his car went into a skid and got into the path of defendant's car. Under such circumstances, we think an issue was made as to whether the position of defendant's car on the highway was negligence and a proximate cause of the collision. [LaPierre v. Kinney, 225 Mo. App. 199, 19 S. W. (2d) 306.]

Defendant cites the case of Nowlin v. Kansas City Public Service Co., 58 S. W. (2d) 324; but we believe a careful reading of that opinion tends to support our conclusion. That was a case where a car skidded in front of a bus which was passing another car on the street, and this court said (l. c. 330) :

"In the light of what was done, it was for the jury to say who was to blame, if anybody, and not for the court to say, as a matter of law, that plaintiff is not entitled to recover merely because the estimated distances, if mathematically relied on, may appear to show, either that no one was to blame, or that plaintiff herself was."

The defendant also cites the case of Shaughnessy v. Morrison (Conn.), 165 Atl. 553; but we do not consider that case decisive of the point here involved. There the negligence of the defendant had not caused the plaintiff to do an act which placed plaintiff in danger.

It is also argued that under the facts in this case, the collision was an accident. We are forced to disagree with that argument. The Missouri rule, tersely stated, is that an "accident is an event proceeding from a known cause without human agency or *without human fault*." [Hogan v. Kansas City Public Service Co., 19 S. W. (2d) 707.] According to our holding above, the element of "human fault" must be charged to the defendant in this case.

Defendant also charges error in this instruction because it gives the jury a roving commission to find negligence in the operation of the car on the wrong side of the road at various places from the point of collision to as much as one-half miles from such point. The instruction is not as specific as it might be, but we do not believe this should cause a reversal of the case under the facts as detailed above. We do not believe the jury was confused or misled. The instruction required the jury to find that the Pahlow case was being driven northward along the highway "at a point about two and one-half miles north of the town of Archie" . . . and that "at or near said point," defendant's agent "if you so find, carelessly and negligently failed to drive and operate said automobile as close to the right hand side of said highway as practicable, and that as a direct result of such negligence, if any, defendant's automobile was caused to collide," etc.

This instruction requires the jury to find that defendant's agent was "negligently" operating the car on the wrong side of the road and

that the collision was the direct result of such "negligence." Under the facts in this case, we do not believe error was committed in giving plaintiffs' Instruction No. 1. We have carefully read the opinion of this court in the case of Nowlin v. Kansas City Public Service Company, 58 S. W. (2d) 324, and conclude that case is not decisive of the point ruled here.

Defendant's points one, two, and five, *supra*, present somewhat novel and interesting questions for review. As stated herein, *supra*, plaintiffs' petition alleges no negligence against Mr. Pahlow, the owner and driver of the car in which the plaintiffs' minor daughter was a passenger. There was nothing in plaintiffs' petition from which even an inference could be drawn that the question of more than one *tort-feasor* was involved.

The defendant's answer and the admission of plaintiffs, to the effect that there had been a settlement with Mr. Pahlow wherein plaintiffs had had received $2000 and given to him a release and reserved right to sue defendant, presents a situation wherein the rule applying to joint *tort-feasor* has application.

The rule applying to joint *tort-feasor* is clearly stated in Berry v. Kansas City Public Service Company, 121 S. W. (2d) l. c. 825. In the Berry case payment and settlement was received from one of the *tort-feasors*, and the above suit was against the other. In the opinion, l. c. 833 (11-15), the opinion states as follows:

"Plaintiff had made a partial compromise and settlement with the railroad company for her injuries, this she had a legal right to do under the law in this State. Joint or concurrent *tort-feasors* are severally, as well as jointly, answerable to the injured party for the full amount of the injuries. The injured party may sue all or any of the joint or concurrent *tort-feasors* and obtain a judgment against all or any of them. The injured is entitled to but one satisfaction for the injuries inflicted and that satisfaction may come from all or any of the joint *tort-feasors*. When an injured plaintiff compromises or settles with one of the joint *tort-feasors* for a portion of the injuries, the injured person still retains her cause for action against the other *tort-feasors* and recovery may be had for the balance of the injury. [Clifton v. Caraker (Mo. App.), 50 S. W. (2d) 758.] Unless the damage caused by each of such concurrent or joint *tort-feasors* is clearly separable, permitting the distinct assignment of responsibility to each, each is liable for the entire damage. The degree of culpability is immaterial. [Carr v. St. Louis Auto Supply Co., 293 Mo. 562, 239 S. W. 827; Bradley v. Becker, 321 Mo. 405, 11 S. W. (2d) 8.]"

The above case is also direct authority to the effect that while the injured party can proceed against either or both *tort-feasors*, such party cannot split up his action and recover from each such damages severally as may be alleged as the direct result of negligence alleged as to parties severally. There can be but one satisfaction. It follows

that any suit brought must be inclusive of all damages claimed, and if one *tort-feasor* has made settlement such sums as has been received from him must be deducted from the full amount of the damages and the recovery against the other *tort-feasor* can only be for the balance, if any.

The defendant in its third point alleges error in that the jury disregarded the court's instruction to deduct the amount received from Pahlow.

The defendant asked and the trial court gave an instruction as follows:

"The Court instructs you that in no event are the plaintiff entitled to recover for grief or for the loss of the society and companionship of their daughter, and you are instructed that if you should find the issues in favor of the plaintiffs and against the defendant, then they are entitled to recover only for the pecuniary loss, if any, which you may find they have sustained on account of the loss of her services until she would have attained the age of twenty-one, less the reasonable cost to plaintiffs in keeping, educating and rearing her until her majority, and on account of medical, hospital and funeral expense, and in arriving at their financial or pecuniary loss, if any, you shall take into account and deduct from the amount of such loss, if any, the amount of money which they have heretofore received as shown by the evidence on account of such death, and the Court instructs you that if the pecuniary loss as herein defined does not exceed the sum which they have so received, then irrespective of all other considerations, your verdict must be for the defendant."

The above instruction clearly states the law. We conclude that the defendant's point is well taken.

Plaintiffs cite Grimm v. Globe Printing Co. (Mo.), 232 S. W. 676. The aforesaid case is a death case wherein defendant appealed from a $9000 judgment. Plaintiff had alleged prime negligence and cause was reversed on ground of failure to prove same.

In the opinion in the above cause it is pointed out that the facts of the case brought it within the rule of *res ipso loquitur* and the cause was ordered remanded for a new trial.

In the above case, the question of payment of $500 paid by the employer of deceased, who had been joined as a defendant and upon a written agreement and in consideration of payment of $500 and agreement to forebear from ever suing said employer, the case as to said employer was dismissed. In the above case the trial court had refused to permit said $500 to be credited as part payment of damages. The Supreme Court upheld the action of the trial court upon the express grounds that the evidence in said case failed to show joint liability as between the employer and the defendant therein. In other words, the court held that deceased's employer was not a *tort-feasor* and the payment by him was a collateral matter.

The case at bar is distinguished from the above in that there is such substantial evidence of negligence on part of Pahlow as caused the plaintiff to ask and receive an instruction telling the jury that it must find for plaintiffs although the acts of Pahlow were negligent, and that said negligence, if any, of both the defendant's agent and Pahlow joined and concurred and cooperated in producing said collision, if any, and the injuries and death, if you so find, of the said Daisy Roberts. Such instruction was a proper one. However, there is no direction therein that is inconsistent with amount being credited with amount already received.

Plaintiffs urge that after verdict plaintiffs' petition, if necessary, should even be deemed amended to conform to the proof. Plaintiffs further claim that under the facts and circumstances a reasonable construction of plaintiffs' petition should be that plaintiffs were suing for the balance of damages due them from the defendant at the time the suit was filed.

As the plaintiffs have clearly asserted in their petition that as a direct result of the death of their said daughter they have suffered a pecuniary loss and damage in the sum of $3000 and the petition being construed that they are suing for the balance, it follows that in accordance with the allegations of their petition as to the amount and the admission that they had received in settlement with Pahlow the sum of $2000, the balance of their alleged pecuniary loss is only $1000.

We conclude that under the pleadings as shown in the record and under the evidence and admissions shown in the record, the greatest sum for which plaintiffs can recover under the petition herein is $1000.

If, therefor, plaintiffs will, within ten days after the filing of this opinion, remit the sum of $2000 from the judgment herein, the judgment will be affirmed in the sum of $1000, with interest at the rate of six per cent per annum from the 10th day of May, 1939, the date of the original judgment; otherwise, the judgment will be reversed and the cause remanded for a new trial. All concur.