Lucian L. BARRETT, Plaintiff-Appellee,

v.

TOLEDO, PEORIA & WESTERN RAIL-
ROAD COMPANY, a corporation,
Defendant-Appellant.

No. 14373.

United States Court of Appeals
Seventh Circuit.

June 30, 1964.

John E. Cassidy, Sr., Cassidy & Cas-
sidy, Peoria, Ill., for appellant.

John J. Naughton, Chicago, Ill., Hollis
W. Benjamin, Peoria, Ill., Henslee &
Henslee, Keith E. Roberts, Chicago, Ill.,
for plaintiff-appellee.

Before HASTINGS, Chief Judge, and
CASTLE and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This case was brought under the Fed-
eral Employers' Liability Act, 45 U.S.C.
§ 51 et seq., to recover damages for in-
juries sustained by the alleged negligence
of defendant in failing to use ordinary
care to provide plaintiff with a reason-
ably safe place in which to do his work.
The case was tried to a jury, which ren-
dered a verdict favorable to plaintiff.
From a judgment entered thereon, de-
fendant appeals.

The District Judge denied defendant's
motion for a directed verdict in its favor,
made at the close of plaintiff's evidence,
and again at the close of all the evidence.
The sole contention urged for reversal is
that there was no proof of negligence on
the part of defendant and that the trial
Court committed reversible error in its
denial of defendant's motions for a di-
rected verdict.

In our view, no more than a
sketchy outline of the evidence as to the
circumstances under which plaintiff sus-
tained his injuries is needed to show that
the judgment must be affirmed. Plaintiff
was employed by defendant as the fore-
man of a switching crew in defendant's
Peoria, Illinois, yard. At about 1 p.m.
on March 11, 1960, he was walking on a
concrete walkway about four feet wide,
running parallel to a repair track on
which his engine was operating. At that
time the walkway was covered with three
to four inches of snow, and plaintiff
stepped on an accumulation of ice beneath
the snow, fell and received the injuries
complained of. For many hours prior
and continuing almost to the time of the
accident, there had been a severe snow
storm which covered defendant's vast
switch yard. On the side of the walkway

opposite from the switch track and near the point where plaintiff was injured was a building known as a wheel shop, which had gutters with openings for down spouts, none of which had been attached. The walkway sloped down from the wheel shop to the point where plaintiff fell. There was some testimony that the area around the wheel shop tended to accumulate water, ice and snow, and was one of the worst spots in the yard for such accumulation; that complaint had been made by plaintiff to his foreman of this situation, and that defendant had a snow plow and salt in storage, both sometimes used for the removal of snow and ice, but not used on the day of the accident.

Defendant's contention is based in the main upon the fact that there had been a violent wind and snow storm, with the snow constantly accumulating for many hours prior to the accident, and that there was nothing which it could reasonably be expected to do to avoid the situation alleged to have caused plaintiff to slip and fall. Defendant in its brief states, "The precise question evolves— Was it imprudent, unreasonable and negligent on Def.'s part that in this large switching yard and under these inclement weather conditions it did not discover the ice and remove it?"

■ There is hardly room for doubt under the many decisions of the Supreme Court but that the question posed is for the jury; certainly it cannot be answered in the negative as a matter of law. Defendant argues in effect that an affirmative answer to the question makes the railroad an insurer of the safety of its employees. Twenty years ago the writer of this opinion would have agreed. See Griswold v. Gardner, 7 Cir., 155 F.2d 333, 334, opinion rendered May 15, 1946. The Supreme Court shortly thereafter specifically disclaimed such a theory, Wilkerson v. McCarthy et al., 336 U.S. 53, 61, 69 S.Ct. 413, 93 L.Ed. 497, and has through the years steadfastly maintained that the Act is neither an insurance nor workmen's compensation Act but a negligence statute.

■ The Supreme Court has consistently held that the issue of negligence must be resolved by the jury. As stated in Wilkerson, supra, "But the issue of negligence is one for juries to determine according to their finding of whether an employer's conduct measures up to what a reasonable and prudent person would have done under the same circumstances." In Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L. Ed.2d 493, the Court reversed the Supreme Court of Missouri which had held that the railroad was entitled to a directed verdict. In doing so, the Court stated (page 510, of 352 U.S. page 450 of 77 S.Ct.), "The decisions of this Court after the 1939 amendments teach that the Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases * * *," and cited in a footnote eighteen cases in which it had been held, contrary to a holding by a lower court, that negligence was a question for the jury. In the same footnote three cases were cited in which it had affirmed a holding below that no jury question was presented.

The Rogers opinion was announced February 25, 1957, and a cursory examination of the Supreme Court opinions since that time reveals that it in not fewer than twenty-two cases has held under a great variety of circumstances that the issue of negligence was for the jury and not the Court. In all of these cases, of course, its holding was contrary to that of a lower Federal Court or a State Court.

The sole exception is Inman v. Baltimore & Ohio Railroad Co., 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198. In that case, the Ohio Court of Appeals held that the railroad was entitled to a directed verdict. The Supreme Court affirmed. It is not discernible to us how the decision could have been otherwise where, as shown, a crossing watchman sustained personal injuries when struck by an automobile driven by a drunken driver who bore no relationship to or had any connection with the railroad. Even so, there was a dissenting opinion by four mem-

bers of the Supreme Court which stated (page 144 of 361 U.S., page 246 of 80 S.Ct.), "But whether a particular hazard is of sufficient weight and moment to induce a reasonable person to guard against it and whether that danger could be removed or diminished by safety measures reasonably available are matters for the jury to determine."

We think it evident that effort by counsel to obtain a directed verdict in favor of a railroad in a case such as is before us is little more than an exercise in futility. Success at the trial level is almost certain to be followed by reversal in a higher court. Whatever we might think of the merits of defendant's contention in the instant case, we have no doubt that under the Supreme Court cases the judgment must be affirmed.

It is so ordered.