**Panagiotis GANOTIS, Plaintiff-Appellant,**

v.

**The NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.**

**No. 15943.**

United States Court of Appeals
Sixth Circuit.

March 17, 1965.

Marshall I. Nurenberg, Cleveland, Ohio (Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson, Cleveland, Ohio, on the brief), for appellant.

John F. Dolan, Cleveland, Ohio (F. M. Apicella, Cleveland, Ohio, on the brief), for appellee.

Before MILLER, O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

Plaintiff, Panagiotis Ganotis, was employed by the defendant railroad company as a mail handler in a mail house maintained by the railroad. The mail, after being sorted, was taken by means of an overhead conveyor belt system to positions to be loaded on railroad cars. In the performance of his duties, plaintiff passed under a conveyor belt which was heavily loaded with mail bags. A mail bag weighing 39 pounds toppled from the conveyor and struck him in the back of the head, causing the injuries complained of herein.

In this action filed under the Federal Employers' Liability Act, the jury found for the plaintiff and by special interrogatories assessed his total damage at $30,-000.00 and the percentage of negligence chargeable to him to be 50%. Judgment for the plaintiff was accordingly entered in the amount of $15,000.00. Section 53, Title 45, United States Code. Plaintiff has appealed with respect to the issue of contributory negligence.

Appellant points out that in dealing with the question of negligence there is a difference in the wording of Sections 51 and 53, Title 45, United States Code, pertaining to actionable negligence on the part of the carrier and contributory negligence on the part of the employee, respectively. Section 51 imposes liability on the carrier for injuries to an employee "resulting *in whole or in part* from the *negligence* of any of the officers, agents, or employees of such carrier, * * *." (Emphasis added.) Section 53 provides that "the fact that the employee may have been guilty of *contributory negligence* shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: * * *." (Emphasis added.) It is contended that the use of the words "in whole or in part" in Section 51 enlarged the field or scope of proximate cause in tort actions based on negligence. Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, rehearing denied, 353 U.S. 943, 77 S.Ct. 808, 1 L.Ed.2d 764; Gallick v. Baltimore & Ohio R. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618, while the absence of such words in Section 53 means that proximate cause with respect to contributory negligence is to have the generally accepted common law meaning, namely, that the negligence of the employee must be directly and proximately related to the injury, instead of being only "in part" connected with the injury.

Plaintiff contends that the District Judge declined to recognize this distinction in his charge to the jury. With respect to the carrier's liability, he stated to the jury, "So if you find from the evidence that any negligence on the part of the Defendant contributed in any way or manner toward an injury suffered by Plaintiff, you may find that injury was proximately caused by Defendant's act or omission." With respect to contributory negligence on the part of the plaintiff, he told the jury, "However, before such negligence can benefit the Defendant, the Defendant must also prove that such negligence was a proximate cause, *as I have previously defined proximate cause*, of any injuries which Plaintiff may have sustained." (Emphasis added.)

One of the purposes of the Federal Employers' Liability Act, as amended, was to abolish the common law defenses of assumption of risk, fellow servant rule and contributory negligence. With respect to contributory negligence it established the rule of comparison of negligence instead of barring the employee from all recovery because of contributory negligence. Tiller v. Atlantic Coast Line Railroad Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610. We do not believe that the Act also intended to make a distinction between proximate cause when considered in connection with the carrier's negligence and proximate

cause when considered in connection with the employee's contributory negligence. If it had so intended, express words to that effect could easily have been used. We do not agree with appellant's contention and find no error in the trial judge's instructions. Gans v. Baltimore & Ohio Railroad Co., 319 F.2d 802, 804, C.A.3rd.

■ We are also of the opinion that the evidence was sufficient to take the case to the jury on the question of plaintiff's contributory negligence and to sustain its answer to the interrogatory on that issue. Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Ellis v. Union Pacific R. Co., 329 U.S. 649, 652–653, 67 S.Ct. 598, 91 L.Ed. 572.

The judgment is affirmed.