Ruth CROWDER, Mother and Next Friend of Walter Paul and David Douglas Crowder, minors, Plaintiff,

v.

GORDONS TRANSPORTS, INC., Defendant.

Civ. A. No. 2005.

United States District Court
W. D. Arkansas,
Fort Smith Division.

Aug. 26, 1968.

Robert T. Dawson of Hardin, Barton, Hardin & Jesson, Fort Smith, Ark., for plaintiffs.

Shaw, Jones & Shaw, Fort Smith, Ark., and Wright, Lindsey & Jennings, Little Rock, Ark., for defendants.

## OPINION

WILLIAMS, District Judge.

This case grows out of an automobile collision in Missouri. On February 21, 1967, the complaint and the amended complaint were dismissed by this court as being untimely filed. The Eighth Circuit of Appeals on December 29, 1967, 387 F.2d 413, reversed and remanded the case to the trial court for further proceedings consistent with the views expressed in its written opinion. The mandate of the Eighth Circuit Court is dated January 24, 1968.

The defendant on the 29th day of June, 1968 filed a motion for Summary Judgment with supporting memoranda, including an opinion by Honorable Bailey Brown, United States District Judge for the Western District of Tennessee. The plaintiff has filed a brief with supporting memoranda in opposition to the motion for Summary Judgment.

The facts are briefly as follows: Walton W. Crowder, the husband of Ruth Crowder and the father of the minors Walter Paul Crowder and David Douglas Crowder, was driving a truck belonging to the St. Louis-San Francisco Railway Company, which collided with a truck owned by Gordons Transports, Inc., and suffered injuries from which he died on the 27th day of July, 1965. Mrs. Ruth Crowder, individually, and Mrs. Ruth Crowder, as administratrix of the estate of Walton W. Crowder, executed a covenant not to sue to the St. Louis-San Francisco Railway Company and received $30,000.00 in consideration there-

for. Thereafter, the plaintiffs in this action commenced suit against Gordons Transports, Inc., asking for additional damage.

The law of this case as established by the opinion of Martin D. Van Oosterhout, Chief Judge, in his opinion of December 29, 1967, is to the effect that the law of Missouri governs. The applicable statutes of the State of Missouri are Vernon's Missouri Code Annotated, Sec. 537.080, establishing the maximum damages in a wrongful death action at $25,000.00, and Vernon's Missouri Code Annotated, Sec. 537.060, which is as follows:

"Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. It shall be lawful for all persons having a claim or cause of action against two or more joint tortfeasors or wrongdoers to compound, settle with, and discharge any and every one or more of said joint tort-feasors or wrongdoers for such sum as such person or persons may see fit, and to release him or them from all further liability to such person or persons for such tort or wrong, without impairing the right of such person or persons to demand and collect the balance of said claim or cause of action from the other joint tort-feasors or wrongdoers against whom such person or persons has such claim or cause of action, and not so released." (R.S. 1939, § 3658)

All of the contentions of the parties to this action were presented in Civil Action C–66–182 of the Western Division of the Western District of the United States District Court of Tennessee in the case of Willett, et al. v. Gordons Transports, Inc., and St. Louis-San Francisco Railway Company, which involves the identical accident out of which this case arose. The contentions in that case and the contentions of the

parties in this case are for all practical purposes exactly the same. The decision of Honorable Bailey Brown, Chief Judge, is unpublished but available for use in this case. The entire memorandum decision is as follows:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

MRS. MARIE WILLETT, Individually and as Administratrix of the estate of DAVID WILLETT, deceased

v

GORDON'S TRANSPORTS, INC.

v

ST. LOUIS – SAN FRANCISCO RAILWAY COMPANY

Civil No. C–66–182

## MEMORANDUM DECISION

In this action, plaintiff sued Gordon's Transports, Inc. for damages for the death of her husband as a result of an accident in Missouri. She alleged in general that while her husband, an employee of the S. L. & S. F. Ry. Co. ("Frisco"), was a passenger in a railroad-owned truck being driven by another Frisco employee, a driver of a Gordon's truck negligently ran into it, killing her husband. Gordon's then filed an answer and also filed a third-party action against Frisco for indemnity or contribution. Frisco filed a motion to dismiss this third-party action on the ground that indemnity or contribution could not be had by Gordon's under Missouri law because a joint judgment is necessary and that such a judgment could not be obtained here since Frisco had settled with and had obtained a covenant not to sue from plaintiff. This motion to dismiss was supported by affidavit with exhibits showing that $25,000 was paid by Frisco to plaintiff in settlement of its liability. Plaintiff has likewise urged us in her memorandum to dismiss this third-party complaint, possibly because Gordon's success under this third-party complaint might create a claim against plaintiff by Frisco under the covenant. Gordon's has on argument conceded that this motion to dismiss is good, as indeed it is, and the third-party complaint will be dismissed. Gordon's has further filed a motion for summary judgment as to plaintiff's action against it, contending that the payment of $25,-000 to plaintiff by Frisco fully discharged its potential liability to plaintiff under Missouri law. The purpose of this memorandum decision is to dispose of this motion for summary judgment.

In support of this motion, Gordon's relies on the affidavit and exhibits thereto filed by Frisco. Gordon's also relies on two Missouri statutes. The first (Vernon's Missouri Code Annotated, Sec. 537.080) establishes the maximum damages in a wrongful death action at $25,000. The other statute (Vernon's Missouri Code Annotated, Sec. 537.060) provides as follows:

"Defendants in a judgment founded on an action for the redress of a private wrong shall be subject to contribution, and all other consequences of such judgment, in the same manner and to the same extent as defendants in a judgment in an action founded on contract. It shall be lawful for all persons having a claim or cause of action against two or more joint tort-feasors or wrongdoers to compound, settle with, and discharge any and ev-

ery one or more of said joint tort-feasors or wrongdoers for such sum as such person or persons may see fit, and to release him or them from all further liability to such person or persons for such tort or wrong, without impairing the right of such person or persons to demand and collect the balance of said claim or cause of action from the other joint tort-feasors or wrongdoers against whom such person or persons has such claim or cause of action, and not so released." (R.S. 1939, § 3658)

It will be noted that, under this statute, one may settle with one joint tort-feasor and pursue the other for the "balance" of the claim and that it is immaterial whether the settlement takes the form of a release or a covenant.

Gordon's position is that there is no balance of plaintiff's claim or cause of action remaining since plaintiff has already collected the maximum amount of damages obtainable in a Missouri wrongful death action from the joint tort-feasor or wrongdoer. This position is generally supported by the following Missouri cases: Kahn v. Brunswick etc. Co., 156 S.W.2d 40 (Mo.App., 1941); Roberts v. Atlas Life Ins. Co., 236 Mo.App. 1162, 163 S.W.2d 369 (1942); Berry v. Kansas City etc. Co., 343 Mo. 474, 121 S.W.2d 825 (1938).

Plaintiff contends, however, that the instant case is distinguishable because she may have had a claim against Frisco under the F.E.L.A. (45 U.S.C.A. Sec. 51 et seq.) (It is not spelled out in the covenant not to sue or otherwise clearly shown by the record that plaintiff's right against Frisco were governed by the F.E.L.A., but we assume, as Gordon's appears willing to assume, that they were.) Plaintiff's argument is that she had two claims or causes of action because her right against Frisco was a federally-created right which was governed by federal law and there was no limitation as to damages. It is certainly true that if the situation were reversed and plaintiff had first settled with Gordon's for $25,000, plain-tiff would not have been barred from claiming an additional amount against Frisco under the F.E.L.A. But the real question here is whether under this Missouri statute, properly construed, there was one claim or cause of action against joint tort-feasors or wrongdoers, even though plaintiff's right against Frisco were under the F.E.L.A. There is no Missouri case precisely in point. However, when we consider the fact that the F.E.L.A. is a statutory substitute for a tort action, in a negligence statute and not a compensation statute and simply makes it easier for a railroad's employees and their families to recover damages from their employer (Ganotis v. New York Central R. R. Co., 342 F.2d 767 (6th Cir. 1965) and Barrett v. Toledo etc. R. R. Co., 334 F.2d 803 (7th Cir. 1964)), we believe that this Missouri statute should be construed to mean that here, for purposes of the statute, there is one claim or cause of action against joint tort-feasors or wrongdoers. The case of Pritt v. Terminal R. R. Assoc., 251 S.W.2d 622 (Mo.1952), relied upon by plaintiff, is not in point. There plaintiff's husband was killed while working for a contractor on the defendant railroad's property and she had received $12,000 in compensation from her husband's employer's compensation insurance carrier. She then sued the railroad under the Missouri wrongful death statute. The Court held that her recovery under the wrongful death statute would not be reduced by the amount paid to her as compensation; however, this holding is based on the fact that the insurance company was subrogated and would receive any amount recovered up to the amount of its payment and that therefore in no event would plaintiff receive more than the statutory maximum. It may well be that, had the insurance carrier not been subrogated, the court would have reached the same result on the ground that there were two claims or causes of action and that defendant and the employer were not joint tort-feasors. However, even if the court had so held, this would not be authority in

support of plaintiff's position in the instant case, because compensation statutes are not negligence statutes and therefore require no wrongdoing as a predicate for liability.

■ Plaintiff's other argument, which is not based on the supposition that her right against Frisco was under the F.E.L.A., is that "there is neither a claim, nor an adjudication that [Gordon's] and [Frisco] are joint tort-feasors." The answer to this is that the facts of the accident as alleged in the complaint would make them joint tort-feasors or joint wrongdoers if both were negligent. It is alleged that the two vehicles were proceeding in opposite directions and that the Gordon's vehicle came across the center line and struck the Frisco vehicle. Moreover, the covenant not to sue treats them as potential joint tort-feasors or wrongdoers. Certainly it is not necessary, for this Missouri statute to be applicable, that there be an adjudication that Frisco was negligent; the Missouri cases cited, supra, involved situations in which plaintiff had settled with one party and had sued another and the statute was applied without an adjudication that the party not sued was guilty of joint negligence.

It results that Gordon's motion for summary judgment should be granted, and counsel will prepare an order for entry.

ENTER this 12th day of December, 1966.

Chief Judge
BAILEY BROWN, JUDGE

■ Disposition of a case by a ruling on Motion for Summary Judgment is not favored or a favorite way to dispose of a case on its merits; but, in the case at bar there appears to be no genuine issue as to any material fact and this court finds that the quoted memorandum decision of Judge Brown is decisive of all matters at issue in this case.

Therefore, the Motion for Summary Judgment filed by the defendant, Gordons Transports, Inc., should be sustained.