Ruth **CROWDER**, Mother and Next Friend of Walter Paul Crowder and David Douglas Crowder, Minors, Appellants,

v.

**GORDONS TRANSPORTS, INC.,**
Appellee.

No. 19556.

United States Court of Appeals Eighth Circuit.

Dec. 23, 1969.

Floyd Rogers, Ralph W. Robinson, Van Buren, Ark., and P. H. Hardin, Bradley D. Jesson and Robert T. Dawson, Fort Smith, Ark., for appellant.

Robert S. Lindsey, Wright, Lindsey & Jennings, Little Rock, Ark., for appellee.

Before BLACKMUN, LAY and HEANEY, Circuit Judges.

BLACKMUN, Circuit Judge.

We are confronted here with the question whether a covenant-not-to-sue settlement with one of two alleged joint tort-feasors bars a wrongful death action against the other when the amount paid for the covenant exceeds the wrongful death maximum specified by the statute of the state where the injury occurred. Somewhat to our surprise there is a paucity of precedent. Unfortunately, we were not favored with oral argument.

Walton W. Crowder, an Arkansas domiciliary and then age 40, died in Missouri on July 27, 1965, from injuries received that day in a collision between the tractor-trailer unit he was operating and a tractor-trailer transport operated by James J. Gray. The decedent was survived by his widow, Ruth, and two

minor sons. The accident occurred in Missouri less than a mile north of the Missouri-Arkansas line. At the time the decedent was an employee of the St. Louis-San Francisco Railway Company and Gray was an employee of Gordons Transports, Inc. Each was then acting in the course of his employment.

On July 12, 1966, Ruth Crowder, as administratrix of her husband's estate, instituted a wrongful death diversity action against Gordons in the United States District Court for the Western District of Arkansas. She prayed for damages for herself, for her two sons, and for funeral expenses in the respective amounts of $150,000, $100,000, $150,000, and $1,500, making a total of $401,500. The Arkansas wrongful death statutes, Ark.Stat.Ann. §§ 27–906 to –910 (Repl.1962), authorized this procedure and have no limitation as to recoverable amount.

Gordons, by answer and a later motion to dismiss, asserted, among other things, that the Missouri wrongful death statutes, rather than Arkansas', were controlling and that under the Missouri statutes the administratrix was not the proper person to maintain the action.

Before the issues so drawn were ruled upon the district court granted the plaintiff the opportunity and the time to amend her complaint. The amendment was filed January 21, 1967, a date more than a year after the accident. With the amendment, Mrs. Crowder now sued as "mother and next friend" of the two minor sons and claimed damages only in the amount of $25,000. These changes obviously were made in the light of Mo. Rev.Stat. §§ 537.080 and .090, V.A.M.S., as then in effect, designating the proper party plaintiff and the maximum amount recoverable in a wrongful death action. (Those statutes were repealed and replaced, with like section numbers, by Laws 1967, p. 663 § 1.)

Gordons then moved to dismiss the complaint as so amended on the ground that the action was barred by the expiration of the one year limitation period then applicable to a Missouri wrongful death action. Mo.Rev.Stat. § 537.100, V.A.M.S. (This period was extended to two years by Laws 1967, p. 663 § 1.)

The district court sustained the motion to dismiss; it held that, under Rule 15(c), Fed.R.Civ.P., the amendment did not relate back to the date of the filing of the complaint. Crowder v. Gordons Transports, Inc., 264 F.Supp. 137 (W.D. Ark.1967). On appeal this court reversed and remanded. 387 F.2d 413 (8 Cir. 1967). We ruled, citing Glick v. Ballentine Produce, Inc., 343 F.2d 839 (8 Cir. 1965), cert. denied, 382 U.S. 891, 86 S.Ct. 184, 15 L.Ed.2d 149, that the district court reached a permissible conclusion when it held that the substantive Missouri law controlled this wrongful death action in the Arkansas federal court for an injury and death which occurred in Missouri, and "that an action must be commenced in the manner set forth in the Missouri statute and within the time therein prescribed." 387 F.2d at 415. We further held, however, that the issue of relation back was one of procedure and not of substantive law and was controlled by the Federal Rules of Civil Procedure and that, under Russell v. New Amsterdam Cas. Co., 303 F.2d 674 (8 Cir. 1962), the amendment did relate back. The appropriate form of the lawsuit and its timeliness were thereby established.

On the remand, through interrogatories and requests for admissions, it was brought out that on June 30, 1966, Mrs. Crowder, in consideration of the payment of $30,000 made to her individually and as administratrix, had given the St. Louis-San Francisco Railway Company her written covenant not to sue.

We therefore have as facts (a) injury and death of the decedent in Missouri, (b) a Missouri statute then specifying $25,000 as the limit of recovery in a wrongful death action, (c) the payment, on an appropriately restricted covenant not to sue, see New Amsterdam Cas. Co. v. O'Brien, 330 S.W.2d 859, 865 (Mo. 1960), of the sum of $30,000 by the

decedent's employer, a common carrier by railroad and subject to the federal Employers' Liability Act, 45 U.S.C. ch. 2, with no specified maximum liability, and (d) the subsequent institution of the present suit against Gordons for the Missouri statutory limit of $25,000.

With this factual development, Gordons moved for summary judgment under Rule 56, Fed.R.Civ.P. The district court sustained this motion. Crowder v. Gordons Transports, Inc., 289 F.Supp. 166 (W.D.Ark.1968). In its opinion the court incorporated the unpublished opinion of the United States District Court for the Western District of Tennessee concerning the same issue as it emerged with respect to the death of Crowder's coemployee and passenger, David Willett, who also lost his life in the collision of July 27, 1965. The railway similarly had paid Mrs. Willett, individually and as administratrix of her deceased husband's estate, the sum of $25,000 upon her covenant not to sue.

The Tennessee court referred to Mo. Rev.Stat. § 537.080, V.A.M.S., cited above, and also to § 537.060. The latter concerns contribution between tort-feasors and provides that it shall be lawful for a person having a cause of action against two or more joint tort-feasors to settle with and release one "without impairing the right of such person * * * to demand and collect the balance of said claim or cause of action from the other joint tort-feasors * * *." The Tennessee court recognized that if the situation were reversed and Mrs. Willett had first settled with Gordons for $25,000, she would not be barred from claiming an additional amount against the railroad under the FELA. It noted, 289 F.Supp. at 169, that there was "no Missouri case precisely in point". It felt that the Missouri statute should be construed to mean that, for purposes of the statute, there is one claim or cause of action against joint tort-feasors; that the alleged facts would make Gordons and the railroad joint tort-feasors if both were

negligent; and that, therefore, defendant Gordons' motion for summary judgment should be granted. The Arkansas court held that the memorandum decision of the Tennessee court was "decisive of all matters at issue" here, 289 F.Supp. at 170, and sustained Gordons' motion for summary judgment accordingly.

Again we have a Crowder appeal.

The plaintiffs contend that the case turns on the relationship between the FELA and the Missouri wrongful death statute with its maximum recovery limitation; that both statutes are in derogation of the common law; that, however, any similarity between the two ends at that point; that the FELA is a federal act and uniform in its application; that a wrongful death statute, on the other hand, is a creature of the state; and that statutes of that kind vary from state to state. They stress comments in the cases that a purpose of the FELA was to abolish the common law defenses of assumption of risk, of contributory negligence, and of the fellow servant doctrine, and that the federal statute is an outgrowth of the same economic and social considerations which prompted the adoption of the workmen's compensation laws and the federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950. They cite Ganotis v. New York Central R. R., 342 F.2d 767 (6 Cir. 1965); Barrett v. Toledo, P. & W. R. R., 334 F.2d 803 (7 Cir. 1964); Phillips v. Houston Fire & Cas. Ins. Co., 219 F.Supp. 420, 423–424 (W. D.La.1963); and Wilson v. Massagee, 224 N.C. 705, 32 S.E.2d 335, 340, 156 A. L.R. 922 (1944). They point out that the FELA differs from the Missouri statute in its designation of beneficiaries, in its measure of damages, in the absence of a monetary limit, in its exclusion of defenses which are available under the state statute, and in its conception of negligence.

Gordons contends that the plaintiffs misconstrue the issue; that the suit concerns, instead, only the effect of the

$30,000 payment; that the FELA is a negligence statute; that Gordons' liability also is predicated on negligence; that the right of recovery under the Missouri statute is limited; and that the $30,000 payment was more than "full response" to the Missouri statute, to use the phraseology employed in Myers v. Kennedy, 306 Mo. 268, 267 S.W. 810, 815 (1924).

We have no issue here as to the legal character and effect of the instrument Mrs. Crowder gave to the railroad. It purported not to be a release or full satisfaction and the parties appear to accept it as a mere covenant not to sue and nothing more.

██ We start with the proposition, seemingly obvious enough, that there can be but one recovery for a wrong. This, of course, is recognized in Missouri. New Amsterdam Cas. Co. v. O'Brien, supra, 330 S.W.2d at 864; Berry v. Kansas City Pub. Serv. Co., 343 Mo. 474, 121 S.W.2d 825, 833 (1938). A corollary to this, however, is that if a plaintiff makes only a partial compromise with one tort-feasor, he may still proceed against the other "for the balance of the injury." Berry v. Kansas City Pub. Serv. Co., supra, 121 S.W.2d at 833; New Amsterdam Cas. Co. v. O'Brien, supra, 330 S.W.2d at 864; Booker v. Kansas City Gas Co., 231 Mo. App. 214, 96 S.W.2d 919, 923 (1936); Roberts v. Atlas Life Ins. Co., 236 Mo. App. 1162, 163 S.W.2d 369, 374 (1942); Hails v. Systems Constructors, Inc., 407 S.W.2d 583, 589 (Mo.App.1966); Mo. Rev.Stat. § 537.060.

The case, therefore, comes down to the question whether the $30,000 payment eliminated any "balance" of any claim the plaintiffs might otherwise have against Gordons under the Missouri statute. Gordons says that it did and the district court so held. The Crowders say that it did not. It is to be noted that the Missouri decisions cited and § 537.060 speak of the "balance" of any claim or injury.

We reverse and do so for the following reasons:

1. We find in the Missouri cases nothing flatly in point. Neither do we find anything indicative of a decision, adverse to the plaintiffs, to be forthcoming if and when the question is presented to Missouri's authoritative courts. And the district court judgment from which the present appeal is taken is not that of a Missouri federal judge so as to entitle it to the benefit of the permissible conclusion approach which we so often (perhaps too often and too easily) have employed.

██ 2. The Missouri statutes themselves do not read adversely to the plaintiffs. Section 537.080 speaks of a defendant's liability "to an action for damages * * * which damages may be sued for and recovered * * * [b]y * * *." Section 537.090, the limiting statute, merely states that in the action under § 537.080 "the jury may give to the surviving party or parties who may be entitled to sue such damages, not exceeding [twenty-five thousand] dollars, as the jury may deem fair and just for the death and loss thus occasioned * * *." We view this language not as a recital that damages actually sustained could not exceed the specified amount but only as fixing the arbitrary and artificial maximum which the jury may award and for the recovery of which the statutes and the courts may be utilized. Section 537.080 does not purport to measure the limit of actual damages. It specifies only the upper limit of the fact finder's discretion.

3. We are fortified, as to this, by the Missouri court's consistent observation that "the statutory limit * * * is not meant to be the maximum value of a human life * * *." Marlow v. Nafziger Baking Co., 333 Mo. 790, 63 S.W.2d 115, 121 (1933); Steger v. Meehan, 63 S.W.2d 109, 114 (Mo.1933); Combs v. Combs, 284 S.W.2d 423, 426 (Mo.1955); Huffman v. Mercer, 295 S.W.2d 27, 35 (Mo.1956); Waller v. Oliver, 296 S.W.2d 44, 51 (Mo.1956).

■ 4. The district court's opinion, through its incorporation of the Tennessee opinion, states, 289 F.Supp. at 169,

"It is certainly true that if the situation were reversed and plaintiff had first settled with Gordon's for $25,-000, plaintiff would not have been barred from claiming an additional amount against Frisco under the F.E.L.A."

Both district courts thus conceded that the statutory ceiling would have been no bar to recovery of an additional amount under the FELA and that payment under the one act does not necessarily equate with payment for purposes of the other. We agree. It seems to us then, as a matter of logic and fairness, that this should work either way, and that results should not depend upon the order the defendants happen to be selected for suit or settlement. Perhaps, under the circumstances, and in view of the development of this particular lawsuit, caution would have dictated resolution of the claim against Gordons first and prior to any settlement with the railroad. But the practicalities of negotiation and of claim settlement do not always permit a chronology which best conforms with nice legal theory. Delay necessary for the prior resolution of the state action might jeopardize the potentially larger federal recovery. The law should be less rigid than that. If the plaintiffs are able to establish liability and damages greater than the amount paid upon the covenant not to sue, they should be allowed to recover that excess, up to· the amount of the state ceiling, in a subsequent state action.

5. We regard as of no particular significance, in this case and for the resolution of the issue presently before us, the question whether the plaintiffs' claims under the FELA and under the Missouri statute are identical or are separately rooted. In a contribution context this court rejected the separateness argument in a Minnesota case and permitted contribution. Zontelli Bros. v. Northern Pac. Ry., 263 F.2d 194 (8 Cir.

1959). Contrastingly, in Phillips v. Houston Fire & Cas. Ins. Co., supra, 219 F.Supp. 420, where Louisiana law was involved, contribution was denied on the ground that the two statutes did not impose a common liability.

6. The *Zontelli* decision, however, is not without a measure of significance for the present case. At the time of the Zontelli decedent's death in 1956, the Minnesota wrongful death ceiling was $17,500. M.S̈.A. § 573.02, as amended by Laws 1955 ch. 407 § 1. (It is now $35,000. Laws 1965 ch. 837 § 1.) The railroad employer of the decedent paid $42,500 in full settlement. It then sought contribution from Zontelli. The jury returned a verdict for the railroad for half the settlement amount, or $21,-250. Zontelli, among other arguments, urged that judgment against it should be reduced to $8,750, or half the wrongful death maximum. This court, speaking through Judge Matthes, 263 F.2d at 201, rejected the argument on the ground that contribution is essentially equitable and that, on the facts of the case, the loss would be equitably divided if the wrongful death defendant were required to contribute the statutory maximum but no more. The judgment, therefore, was reduced from $21,250 to $17,500. One may say that, in effect, this result is a refusal to count the FELA recovery toward the wrongful death maximum for to have done so would have left Zontelli with only half the maximum to pay.

■ 7. The Missouri Supreme Court has given emphasis to the maxim that the law favors a construction of a statute which avoids unjust or unreasonable results. Maryland Cas. Co. v. General Elec. Co., 418 S.W.2d 115, 118 (Mo. 1967); Laclede Gas Co. v. City of St. Louis, 363 Mo. 842, 848, 253 S.W.2d 832, 835 (1953). A construction of the Missouri statutes to permit suit against Gordons under the facts of the present case strikes us as one which avoids an unjust or unreasonable result and as consistent with the district court's ac-

knowledgment that had settlement with Gordons first been effected there would be no bar to the recovery of an additional amount from the FELA defendant.

8. Cases under the federal Tort Claims Act are somewhat helpful. Unlike the FELA, which imposes a policy of uniformity of recovery throughout the nation, a tort claim against the government shall be "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). And 28 U.S.C. § 2674 provides generally that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances * * *." A tort claim death case, therefore, funnels into the state wrongful death statute. In Knecht v. United States, 242 F.2d 929 (3 Cir. 1957), the plaintiff sued the United States for wrongful death and recovered $15,000, the limit under the applicable Alaska statute. The court refused to reduce the judgment, or to set off against it the sum of $16,075 already paid the plaintiff by the government under other legislative provisions. The court held, 242 F.2d at 931, that "there is no overreaching, no double payment and no unfairness to the United States" because the pecuniary loss to the family had been established at $55,000 and this amount exceeded the sum of $15,000 and $16,075. In Harris v. United States, 218 F.Supp. 785 (E.D.Va.1963), the court reached the same result. That court, furthermore, distinguished cases involving recovery under the Tort Claims Act based on a state wrongful death statute which had no limitation on recoverable damages. In those cases the recovery was presumed to be for the total loss, and so compensation paid under other statutes could be set off against the judgment in order to avoid double recovery.

9. The district court's concession that the plaintiffs could have recovered the state maximum first and then proceeded to recover more in an FELA action is significant in the light of Richards v. United States, 285 F.2d 521 (10 Cir. 1960), aff'd 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). The plaintiffs' decedents in *Richards* died in a commercial plane's crash in Missouri allegedly attributable to the joint negligence of the United States and the airline. The airline had paid or tendered each plaintiff the sum of $15,000, the then specified Missouri maximum. The court held that because of this "the causes of action under the law of Missouri became extinguished, and recovery against the tort feasor or tort feasors was barred." 285 F.2d at 526. The Supreme Court similarly observed that "the petitioners thus have received full compensation for their claims." 369 U. S. at 16, 82 S.Ct. at 595. Inasmuch as liability under the Tort Claims Act is tied to the law of the place, it was deemed to be governed by the state wrongful death statute and by the state ceiling on recovery. In this context the concession that the Crowder plaintiffs could have recovered the state maximum and then proceeded under the FELA is telling against Gordons' position. This is precisely what the Richards plaintiffs attempted but were unable to accomplish. It indicates that the Tort Claims Act and the FELA relate differently to the state recovery ceiling.

We therefore hold that the $30,000 payment by the railroad in return for the covenant not to sue does not bar the plaintiffs' action against Gordons under the wrongful death statutes of Missouri. We, of course, intimate no view as to the merits. In order to recover, the plaintiffs must establish Gordons' liability and damages in excess of $30,000. Any excess is subject to the $25,000 applicable Missouri limitation.

We note, in passing, that it might be argued that Dixon v. Ross, 94 Ga.App. 187, 94 S.E.2d 86 (1956), contains implications contrary to the result we reach. The court there held that FELA recovery, pursuant to a jury verdict, against the decedent's railroad employer barred an action under the Georgia wrongful death statute. Neither the majority opinion nor the dissent reveals whether

the Georgia statute imposed a maximum. The majority opinion recites that "recovery under both laws would amount to a double recovery for the same wrong." 94 S.E.2d at 88. This certainly implies, as one would expect, that the FELA suit involved a determination of damages in full, in contrast to the covenant not to sue in the case before us. The dissent speaks of the cumulative character of the remedies and, of course, acknowledges that if the settlement is in full the entire right of the plaintiff is extinguished. The dissenting judge says that only profits and actual property damage were claimed in the FELA action, whereas in the state suit general damages were sought. With this uncertainty as to the underlying facts, we are unable to regard the case as significant authority either way. To the extent, if any, the decision stands against the plaintiffs' position here, we find ourselves in disagreement with it.

The summary judgment entered by the district court is reversed and the case is remanded for further proceedings consistent with the views herein expressed.